445 So.2d 510 (1984)
SUCCESSION OF Knowles TUCKER.
No. 83-948.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Writ Denied April 2, 1984.
Roy, Forrest & Lopresto, Leon E. Roy, Jr., New Iberia, for defendant-appellant.
Louis C. Guillot, New Iberia, Keith A. Stutes, Lafayette, for plaintiff-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Plaintiff, Aline Segura Tucker, brought this suit against the Succession of Knowles Tucker seeking to have the retirement benefits due from the District Attorney's Retirement System following Mr. Tucker's retirement, but prior to his death, recognized as an asset of the community formerly existing between the plaintiff and the deceased. From a judgment in favor of the plaintiff awarding her 28.625% of the benefits received by Mr. Tucker prior to his death, the Succession, represented by Vivian Tucker, the testamentary executrix, appeals. We affirm.
The main issues presented by this appeal are (1) whether the trial court erred in determining that the retirement benefits were an unpartitioned asset of the former community and (2) whether the trial court erred in failing to maintain the defendant's *511 Exceptions of Liberative and Acquisitive Prescription.
The parties stipulated the basic facts as follows:
"1.
"Plaintiff and KNOWLES M. TUCKER, were married in the Parish of Iberia, State of Louisiana, on September 1, 1938.
"2.
"On December 22, 1967, a Judgment of Separation from Bed and Board was rendered in the 16th Judicial District Court in and for Iberia Parish, dissolving the community acquets and gains existing between plaintiff and the said KNOWLES M. TUCKER, in proceedings bearing Civil Docket Number 27194, the original petition for separation having been filed on October 16, 1967.
"3.
"On January 1, 1954, the said KNOWLES M. TUCKER, took the Oath of Office of the office of Assistant District Attorney of the 16th Judicial District, State of Louisiana, and thereafter remained an Assistant District Attorney in said parish, until January 1, 1958.
"4.
"On January 10, 1958, the said KNOWLES M. TUCKER, took the oath of the office of District Attorney of the 16th Judicial District, Parishes of Iberia, St. Martin, and St. Mary, State of Louisiana, and thereafter remained the District Attorney in said parishes, without interruption, until his retirement in or about September 1, 1981.
"5.
"The said KNOWLES M. TUCKER, honorably served in active federal service in the Army of the United Stated (sic) from April 23, 1943 to July 1, 1946, a period of Three (3) years, Two (2) months, Fourteen (14) days, having entered the said armed forces during World War II.
"6.
"A written partition and settlement of community was executed by ALINE SEGURA TUCKER and KNOWLES M. TUCKER by an instrument dated December 22, 1967, duly recorded as original Act # 141555 of the official records of the Parish of Iberia, State of Louisiana, as per reference to copy of said partition and settlement of community attached hereto and made a part hereof.
"7.
"KNOWLES M. TUCKER was a member of the District Attorneys' Retirement System and had total creditable service in said system as of date of retirement of 32.75 years.
"8.
"The portion of the total creditable service of the said KNOWLES M. TUCKER in the said District Attorneys' Retirement System attributable to creditable service during the community of acquets and gains formerly existing between ALINE SEGURA TUCKER and KNOWLES M. TUCKER is stipulated to be 18.75 years.
"9.
"Commencing September 1, 1981, the said KNOWLES M. TUCKER retired and received retirement benefits from the District Attorneys' Retirement System of TWO THOUSAND ONE HUNDRED TWENTY TWO AND 56/100 ($2,122.56) DOLLARS per month commencing that date, continuing on the first of each month thereafter through the date of his death, for a total of TWELVE THOUSAND SEVEN HUNDRED THIRTY FIVE AND 36/100 ($12,735.36) DOLLARS received by the said KNOWLES M. TUCKER."
We conclude, as did the trial court, that the retirement benefits should be classified as community property. In T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975) the Supreme Court *512 clearly set forth the guidelines to be followed in determining the community's interest, if any, in deferred compensation plans, be they public or private. The Supreme Court on rehearing stated as follows:
2. Each contribution of the employer to the funds entitles the employee or his beneficiary to share subsequently in the funds' proceeds; when made during the community, the property right to share ultimately in the proceeds thereby acquired by the wage earner, is "acquire[d] during the marriage", Civil Code Article 2402 and is thus a community asset. Civil Code Article 2334; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956). Therefore, the value of the right to share proportionately in the fund, which right is contractually acquired by virtue of each contribution, falls into the community during which the contribution is made; for by each contribution, when made, the employee (or his beneficiary or estate) has acquired a right to share pro rata in the proceeds ultimately payable from the funds to the employee or his contractual beneficiary or his estate.
3. The value of the right to share in the retirement and profit-sharing funds is an incorporeal, movable right. When acquired during the existence of a marriage, the right-to-share is a community asset which, at the dissolution of the community, must be so classifiedeven though at the time acquired or at the time of dissolution of a community, the right has no marketable or redeemable cash value, and even though the contractual right to receive money or other benefits is due in the future and is contingent upon the happening of an event at an uncertain time. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169, 174-75 (1956). When a community is dissolved, the employee's spouse is thus entitled to be recognized as the owner of one-half the value of the right-to-share, insofar as attributable to the contributions paid into the fund as deferred compensation to the employee during the existence of the community (i.e., even though it may not by the contract be payable at that time).2 Id.; Laffitte v. Laffitte, 253 So.2d 120 (La.App. 2d Cir. 1971), noted 33 La.L.Rev. 222-23 (1973). However, when the proceeds do become payable under the contract to the employee or his beneficiary or estate, the spouse is entitled at that time to receive payment as owner of her share of the proceeds, based upon the value of the right-to-share acquired during the community formerly existing between her and the wage earner.
4. For the reasons more fully set forth in our original opinion, we are unwilling to extend by analogy the principles applicable to the purchase of life insurance policies to the acquisition of community interests in retirement or profit-sharing funds such as those at issue. Jurisprudentially, as confirmed legislatively, life insurance interests are treated sui generis as an exception to the usual rules of acquisition of property interests during a community.3 (footnotes omitted)
In Thrash v. Thrash, 387 So.2d 21 (La. App. 3rd Cir.1980), writ denied 393 So.2d 745 (La.1980) this court faced the issue of whether the benefits acquired during the marriage in a public retirement system were community property. Relying on the rationale of Montgomery, supra, this court determined that the divorced husband was entitled to a one-half interest in that portion of the wife's state teachers retirement benefits acquired during the marriage calculated as follows:
Portion of Pension
attributable to creditable
service during existence × ½ × monthly annuity
of community 
Pension attributable to
total creditable service
The court held that the ex-husband was entitled to the percentage calculated by the above formula of every pension check that the ex-wife had received since the dissolution of the marriage and would receive thereafter.
*513 In the present case the deceased husband had a total creditable service in the District Attorney's Retirement System of 32.75 years. The portion of pension attributable to creditable service during the existence of the community was 18.75 years. The deceased husband received $12,735.36 in retirement benefits prior to his death. We find that the trial court correctly held that the retirement benefits were a community asset and properly calculated the ex-wife's community interest in the acquired benefits as follows:
"Portion of pension attributable to creditable
service during existence of community (18.75 years) = 57.25% × ½ × 12,735.36 = 3,645.49
Pension attributable to total creditable
service (32.75 years)"
As an additional argument, appellant contends that plaintiff lost whatever rights to the retirement she may have had when she executed the partition in 1967. Specifically, it is contended that plaintiff waived her rights to seek such benefits by the release of her ex-husband in the partition. This argument relies on the following language in the partition:
"Each of the parties hereto do hereby give unto each other a full, final and complete receipt and release from any and all claims which they may have against each other or against the community of acquets and gains."
The partition agreement does not mention retirement contributions or benefits. The undisputed testimony at trial revealed that rights with respect to retirement were not considered by the parties at the time the partition was made and these rights were not included in the agreement. The partition agreement fails to contain any clause which would transfer to one spouse the other's interest in the retirement benefits, or rights to any other unspecified thing. The above clause does not purport to transfer to either ex-spouse the other's interest in unspecified property.
Under these facts we find that the partition agreement does not have the effect of transferring either spouse's interest in the retirement benefits to the other spouse, and that each spouse continued to be owner of one-half the value of the right-to-share in the retirement benefits insofar as attributable to the contributions paid into the fund as deferred compensation to the employee during the existence of the community.
LSA-C.C. art. 1308 provides that an action of partition lies between all persons who hold property in common. LSA-C.C. art. 1401 provides that the mere omission of a thing from the partition is not ground for rescission, but simply for a supplementary partition. The plaintiff here asks for nothing more than a supplementary partition of a community asset omitted from the original community property settlement through mutual oversight. See Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir.1977), writs refused 347 So.2d 250 (La.1977), where the pension was omitted from the settlement list because both parties thought it was separate property. We do not interpret the clause in the partition agreement as a waiver of the plaintiff's right to seek a supplemental partition of an omitted asset which was never considered by the parties at the time of the original agreement. Therefore, the plaintiff has the right to ask for a supplemental partition under C.C. art. 1401.
Finally, the appellant argues that the trial court erred in failing to maintain the defendant's Exceptions of Liberative and Acquisitive Prescription. We disagree.
In Rasbury v. Baudier, 370 So.2d 659 (La.App. 4th Cir.1979) the divorced wife appealed from the dismissal of her action for a supplemental partition of her ex-husband's military pension on the exception of prescription. In that case the military pension benefits were not expressly mentioned in the original partition of their community property. In finding the exception of liberative *514 prescription incorrectly maintained the appellate court stated:
"If, on the contrary, the original partition did not include the disputed item, then neither ex-spouse has succeeded to the other ex-spouse's interest in the item. The item would therefore remain co-owned by the two ex-spouses, and an action by a co-owner for a partition is never prescribed; C.C. 1304." (emphasis added)
In the present case we have found that the partition agreement did not transfer either party's rights or interests in the retirement benefits to the other party. Neither party has succeeded to the ex-spouse's interest. Therefore, the action by the plaintiff co-owner for a partition has not prescribed either by liberative or acquisitive prescription. C.C. art. 1304.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.