YELVERTON, Judge.
Aline Segura Tucker, the first wife of the deceased Knowles Tucker, brought this suit against the District Attorney’s Retirement System and Vivian Crowson Tucker, the deceased’s second wife. The suit seeks to have a portion of the retirement benefits received by the second wife as beneficiary recognized as an asset of the community formerly existing between the plaintiff and the deceased. The suit asks for judgment against Vivian Tucker for plaintiff’s share of the retirement benefits already received, as well as a judgment ordering Vivian Tucker to pay to plaintiff the latter’s share of monthly benefits that would be received after date of judicial demand.
Before trial the District Attorney’s Retirement System was dismissed as a party defendant. The trial court rendered judgment declaring the retirement benefits in the hands of the beneficiary an unparti-tioned asset of the former community between plaintiff and the deceased. The court then declared plaintiff the owner of 28.625% ($5,468.24) of the total amount of benefits received by Vivian Tucker through November 1, 1982 (the trial was November 23, 1982) together with legal interest. Finally, the judgment ordered Vivian Tucker to pay to plaintiff 28.625% of each monthly beneficiary check as received, commencing December 1, 1982, and continuing for the remainder of the life of Vivian Crowson Tucker. At the time of judgment 28.625% of Vivian Tucker’s monthly beneficiary check was $607.58. The defendant-beneficiary appeals. Except for a minor amendment to correct the award of interest on the judgment, we affirm.
The pertinent facts were stipulated by the parties as follows: The plaintiff and Knowles Tucker were married on September 1, 1938, and judicially separated on December 22, 1967. Knowles Tucker was a member of the District Attorney’s Retirement System and had a total creditable service in the system as of the date of his retirement of 32.75 years. The portion of total creditable service attributable to creditable service during the community of ac-quets and gains formerly existing between the plaintiff and deceased was 18.75 years. On September 1, 1981, Knowles Tucker retired and began receiving retirement benefits of $2,122.56 per month. Knowles Tucker designated Vivian Tucker as his beneficiary under the retirement plan. On February 19, 1982, Knowles Tucker died. Commencing March 1, 1982, Vivian Tucker began receiving the benefits in the sum of $2,122.56 per month. The present suit was filed on March 9, 1982. The defendant received a total of $19,103.04 in benefits through November 1982.
The main issues presented by this appeal are (1) whether the trial court erred in determining that the retirement benefits were an unpartitioned asset of the former community and (2) whether the trial court erred in failing to maintain the defendant’s Exception of Prescription.
This court in another opinion rendered today entitled Succession of Tucker, 445 So.2d 510 (La.App. 3rd Cir.1984) determined that the retirement benefits received by Knowles Tucker prior to his death were an unpartitioned asset of the former community existing between the plaintiff and the deceased and that the action by the plaintiff to partition the previously omitted asset from the prior community property settlement agreement had not prescribed.
On the basis of that decision we find that the trial court was correct in finding that the retirement benefits of Knowles Tucker from the District Attorney’s Retirement System was an unparti-tioned asset of the former community of Aline Tucker and Knowles Tucker, and that her action for partition has not prescribed.
*516 The appellant also argues that the plaintiff does not have the right to seek an accounting against the beneficiary of the retirement benefits. We disagree. In T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975) the Supreme Court, on rehearing, held that “although the contractual beneficiary may receive in full ownership the share of the funds passing to him by virtue of the decedent’s contractual designation of him as beneficiary, he does so with the obligation to account to any complaining forced heir or spouse in community if his receipt of proceeds violates either the former’s legitime or the latter’s community ownership rights...” Aline Tucker has the right to seek an accounting.
The trial court framed its judgment to provide for two time periods: the period before trial (November 23, 1982) and the period after trial. The benefit checks were received by the beneficiary on the first day of each month. She began receiving checks on March 1, 1982. Legal interest was awarded on the sums owed to plaintiff and received by Vivian Tucker beginning March 1, 1982, through November 1, 1982, the interest to be calculated from the date each monthly payment was received. Since suit was filed almost simultaneously with receipt of the first payment, this interest award was proper.
The trial court also awarded legal interest on sums owed to the plaintiff from and after December 1, 1982, the interest to be calculated on each monthly pension from the date of its receipt by the defendant until paid over to plaintiff. 'We shall eliminate this interest award from the judgment. It was not correct to award interest on future sums not owed as of the date of trial, since the latter award of interest was premature and not the subject of this suit.
For the reasons assigned, the judgmental provision awarding interest on plaintiff’s share of sums to be received after trial (December 1, 1982, and thereafter) is eliminated. The judgment is affirmed in all other respects at defendant’s cost.
AMENDED AND AFFIRMED.