466 So.2d 32 (1985)
Judith Ann Hoover GOWINS
v.
Carroll E. GOWINS.
No. 84-CC-1742.
Supreme Court of Louisiana.
April 1, 1985.
Dissenting Opinion April 11, 1985.
Rehearings Denied May 2, 1985.
*33 Howard Nugent, Jr., Alexandria, for relator.
Marsha Hopper, Alexandria, for respondent.
WATSON, Justice.
After Judith Ann Hoover Gowins filed for partition of her former husband's military retirement pay, Carroll E. Gowins filed a declinatory exception of lack of personal jurisdiction which was overruled by the trial court. The Court of Appeal reversed. Gowins v. Gowins, 457 So.2d 685 (La.App. 3 Cir.1984). A writ was granted. 460 So.2d 594 (La., 1984).

FACTS
Mr. and Mrs. Gowins were married on September 8, 1962, in Rapides Parish, Louisiana, and established a matrimonial domicile in Lincoln Parish. Upon graduation from Louisiana Tech in 1964, Mr. Gowins received a commission in the United States Air Force. In 1979, while the family was stationed in Rapid City, South Dakota, Mrs. Gowins and the three children born of the marriage returned to Louisiana.
On July 2, 1979, Mrs. Gowins filed a petition for separation in Rapides Parish, alleging that Major Gowins was a Louisiana domiciliary residing in South Dakota and praying that he be restrained from alienating the community property. Her husband answered the petition and reconvened for a separation based on abandonment.
On July 23, 1979, both parties appeared with their attorneys in the Ninth Judicial District Court, Rapides Parish. Mrs. Gowins received custody of the children and a preliminary injunction against disposal of the community property. Major Gowins was awarded reasonable visitation rights and ordered to pay child support and alimony pendente lite.
On November 16, 1979, Major Gowins filed a rule to obtain visitation rights at his parents' home in North Louisiana during the Christmas holidays, alleging that he was domiciled in Louisiana but stationed in South Dakota. Subsequently, on February 14, 1980, he filed another rule in the Rapides Parish separation proceeding. The trial court set up a specific visitation schedule, and the judgment was affirmed. Gowins v. Gowins, 391 So.2d 48 (La.App. 3 Cir.1980).
On June 23, 1980, Mrs. Gowins filed an amending petition asking for a final divorce. Major Gowins answered the petition. On December 2, 1980, Mrs. Gowins was granted a divorce and awarded permanent custody of the three children. Her former husband's visitation rights were reaffirmed, and he was ordered to pay child support.
On May 7, 1982, Carroll Gowins petitioned for a reduction in child support, alleging that he was a Louisiana domiciliary residing in Alabama. The reduction was denied, but he was relieved from paying support for one child who had reached majority.
On February 6, 1984, in the same suit, Mrs. Gowins filed this petition for partition of the military retirement pay, allegedly omitted from a "partial community property settlement" on June 2, 1981.[1] Paragraph one of the petition states:
"Defendant, CARROLL E. GOWINS, whose Social Security number is XXX-XX-XXXX, was a former domiciliary of the *34 State of Louisiana and is now a resident of Montgomery, Alabama, and is an absentee defendant."
Mrs. Gowins also alleged that her former husband, now a Lieutenant Colonel, listed Louisiana as his home state of record and paid Louisiana State income tax during the sixteen years and four months of their marriage, and became eligible for retirement in August of 1984.
Col. Gowins filed various exceptions to the petition, among them lack of jurisdiction over the person. The trial court dismissed all of the exceptions, stating in reasons for judgment that the court retained jurisdiction on all matters relating to dissolution of the community.
The court of appeal reversed, holding that Louisiana did not have jurisdiction over Col. Gowins for the partition of his military retirement pay, because Col. Gowins is not a domiciliary or resident of the state of Louisiana and did not consent to the court's jurisdiction. 10 U.S.C.A. § 1408(c)(4)(C).

ISSUE
Does Louisiana have personal jurisdiction over Col. Gowins in an action to partition his military retirement pay?

LAW
McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) held that federal law precluded the application of state law to divide military retirement benefits. Before McCarty, Louisiana courts had held that military pensions were an asset of the community of acquets and gains which could be divided upon dissolution of the marriage. Swope v. Mitchell, 324 So.2d 461 (La.App. 3 Cir.1975); Moon v. Moon, 345 So.2d 168 (La.App. 3 Cir. 1977), writ den. 347 So.2d 250. After McCarty, Louisiana courts had no authority to order the division of military retirement benefits. Dedon v. Dedon, 404 So.2d 904 (La., 1981).
In 1982 Congress enacted the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C.A. § 1408 to overrule McCarty. Under 10 U.S.C.A. § 1408(c)(1), the states may apply their own marital property laws to military retired pay.[2] See Note, Military Retired Pay and Divorce; Congress Retires McCarty v. McCarty Is that Enough?, 40 Wash. & Lee L.Rev. 271 (1983).
The application of USFSPA is limited to courts with jurisdiction over the military service member. 10 U.S.C.A. § 1408(c)(4) provides:
"A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court."
Thus, in order for Louisiana to apply its law on matrimonial regimes to military pensions, the service member must be a Louisiana domiciliary, a Louisiana resident, apart from military assignment, or the member must have consented to the Louisiana court's exercise of jurisdiction.
Domicile and residence are two separate concepts. Domicile includes residence but it also includes the added element of an intent to make the residence one's principal establishment. LSA-CC. art. 38;[3]Messer v. London, 438 So.2d 546 *35 (La., 1983); Succession of Rhea, 227 La. 214, 78 So.2d 838 (1955). A person can have several places of residence but only one place of residence can be the domicile. Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965).
There is a presumption against a change in domicile and one who acquires a new domicile has the burden of proving the change. In Re Adoption of Rials, 220 La. 484, 56 So.2d 844 (1952); Succession of Simmons, 109 La. 1095, 34 So. 101 (1903). A member of the military is presumed to retain the domicile of his home state. LSA-C.C. art. 46; Spring v. Spring, 210 La. 576, 27 So.2d 358 (1946); Walcup v. Honish, 210 La. 843, 28 So.2d 452 (1946); King v. King, 173 So.2d 882 (La.App. 4 Cir.1965).
LSA-C.C.P. art. 6(3) provides:
"Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
* * * * * *
"(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto."
The actions that do not constitute a waiver of jurisdictional objections are set out in LSA-C.C.P. art. 7 which provides in pertinent part:
"Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant."
Thus, by making a general appearance, a party impliedly consents to the exercise of the Louisiana court's jurisdiction.
Once a court obtains jurisdiction, it retains jurisdiction over matters connected with the initial proceeding. Imperial v. Hardy, 302 So.2d 5 (La., 1974); Michigan Trust v. Ferry, 228 U.S. 346, 33 S.Ct. 550, 57 L.Ed. 867 (1913). Such continuing jurisdiction gives a court authority to bind the parties. Imperial v. Hardy, supra.
In re Marriage of Sarles, 143 Cal.App.3d 24, 191 Cal.Rptr. 514 (1983) involved a husband who contested the court's jurisdiction to divide his Marine Corps pension. Because the parties had stipulated, in dissolving their marriage, that the court would retain jurisdiction over the wife's interest in the pension, the husband had consented to the court's jurisdiction under 10 U.S.C.A. § 1408(c)(4)(C).
In re Marriage of Jacobson, 161 Cal. App.3d 465, 207 Cal.Rptr. 512 (1984), concerned an Iowa domiciliary, stationed in California, who contested the California court's jurisdiction over him for division of his military retirement pay. As in Sarles, supra, husband and wife had entered into a stipulation that the court retained jurisdiction as to the wife's rights in the pension. Consent was present under 10 U.S.C.A. § 1408(c)(4)(C).
In Southern v. Glenn, 677 S.W.2d 576 (Tx.App. 4 Dist.1984), the husband, a Mississippi domiciliary stationed in Texas, was divorced in Texas, but the divorce decree did not provide for partition of the husband's military pension. The wife then filed a separate suit to partition the husband's military retirement pay, and the husband contested jurisdiction. It was held that there was no jurisdiction over the husband under 10 U.S.C.A. § 1408(c)(4). The husband had returned to his domicile in Mississippi immediately after the divorce. There was no consent to jurisdiction, *36 because the partition suit was a separate and independent cause of action under Texas law.

CONCLUSION
In order for Louisiana to validly exercise jurisdiction over Col. Gowins for the purposes of partitioning his military retired pay, one of the three bases enumerated in 10 U.S.C.A. § 1408(c)(4) must be present.
Since Mrs. Gowins alleged in her petition for partition that Col. Gowins is a resident of Alabama, there is no jurisdiction on the basis of Louisiana residence.
In pleadings filed in the separation and divorce proceedings, Col. Gowins stated that he was a domiciliary of Louisiana. There is no proof that he has acquired a domicile elsewhere. Messer v. London, supra; Succession of Rhea, supra; Southern v. Glenn, supra. In her petition for partition, Mrs. Gowins states that Col. Gowins is a former or past domiciliary of Louisiana. LSA-C.C. art. 2291.[4] It is, of course, correct that Col. Gowins is a former domiciliary of Louisiana. This does not preclude the conclusion that he is a present domiciliary of Louisiana, giving jurisdiction under 10 U.S.C.A. § 1408(c)(4)(B). There is no evidence to rebut the presumption that Col. Gowins maintains the Louisiana domicile, which he had when he joined the Air Force. As recently as May of 1982, he alleged that he was a Louisiana domiciliary residing in Alabama.
Moreover, as the trial court held, Col. Gowins consented to Louisiana jurisdiction over the dissolution of his marriage and that consent continues to have effect over all incidental matters. There is no express stipulation giving consent to the exercise of jurisdiction by a Louisiana court. Compare Sarles, supra, and Jacobson, supra. However, consent is implicit in the history of these proceedings.
10 U.S.C.A. § 1408(c)(4)(C) does not require express consent. A military spouse can give implied consent to a state court's jurisdiction by making a general appearance, waiving all jurisdictional objections under LSA-C.C.P. arts. 6(3) and 7. Louisiana had personal jurisdiction over Col. Gowins for the purpose of adjudicating the custody of his three children and his obligation to pay child support. Louisiana also had personal jurisdiction over him under LSA-C.C.P. art. 6(3) in the divorce action since he answered Mrs. Gowins divorce petition.
In Imperial v. Hardy, supra, the concept of continuing jurisdiction was applied to allow the assertion of jurisdiction by a Louisiana court over an Indiana resident. The husband and wife had been divorced in Michigan, and the wife and children moved to Louisiana after the divorce. The husband then filed suit in Louisiana to obtain custody. The wife answered and filed a reconventional demand asking for child support and arrearages. The husband's action was dismissed but the wife's reconventional demands were granted. In the same proceeding, the husband filed rules for visitation. The wife filed a rule to fix past due child support. The husband, then residing in Indiana, excepted to the jurisdiction. It was held that there was continuing jurisdiction over the husband. The husband had invoked Louisiana's jurisdiction by asking for custody of the children; and, once jurisdiction had attached, it continued.
"When a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of the State to bind him by every subsequent order in the cause. Mr. Justice Holmes called this rule `one of the decencies of civilization that no one would dispute.' Michigan Trust v. Ferry, 228 U.S. 346, 33 S.Ct. 550, 57 L.Ed. 867 (1912). It would be intolerable if an action *37 once properly begun could not proceed without the continued existence of the original basis for jurisdiction." 302 So.2d at 8.
Louisiana had personal jurisdiction over Col. Gowins by virtue of his active participation in the Rapides Parish proceedings; he impliedly consented to Louisiana's assertion of jurisdiction. Louisiana had personal jurisdiction on the basis of consent, which continued to give Louisiana jurisdiction over all matters incidental to dissolution of the marriage.[5] Partition of the community is such an incidental matter. See LSA-C. C.P. art. 82.[6]
For the foregoing reasons, the judgment of the Court of Appeal is reversed; the judgment of the trial court is reinstated; and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
DENNIS, J., concurs with reasons.
LEMMON, J., concurs and assigns reasons.
CALOGERO, J., dissents and will assign reasons.
LEMMON, Justice, concurring.
When a proceeding is begun in a court which has jurisdiction over the person of a party, that jurisdiction continues throughout the entire proceeding. The concept of continuing jurisdiction also applies to any additional proceeding which is an essential concomitant of the original proceeding. R. Casad, Jurisdiction in Civil Actions § 1.08 (1983).
A proceeding to distribute the property of a marriage requires personal jurisdiction, as does a proceeding to obtain alimony or support payments. Both of these proceedings arise out of and are essential concomitants of the original proceeding to dissolve the marriage and the community.[1] Inasmuch as the Louisiana court had personal jurisdiction over the husband in the original proceeding in this litigation, that jurisdiction continued for the ancillary proceeding to distribute the community property, since that action is within the scope of the jurisdiction originally conferred.
CALOGERO, Justice, dissenting.
I do not agree with the majority opinion that Louisiana courts have personal jurisdiction over Lt. Col. Gowins under the Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408. Although the majority concedes that Lt. Col. Gowins is not a Louisiana resident, they conclude that he is a Louisiana domiciliary, since he has not shown that he changed his Louisiana domicile, and that Louisiana courts have continuing jurisdiction over him as a result of an earlier divorce judgment.
With regard to the question of domicile, I would point out that Mrs. Gowins has not even alleged that her former husband is a present domiciliary of Louisiana. I would be willing to permit Mrs. Gowins to amend her petition to so allege, in which event Lt. Col. Gowins would be allowed to present *38 evidence regarding his current domicile. Although he may bear the burden of proving that he changed his domicile to Alabama, he should be afforded that opportunity.
To invoke jurisdiction under the consent provision of 10 U.S.C.A. § 1408(c)(4), the majority argues that once a party has made a general appearance, he has impliedly consented to the exercise of jurisdiction, and that, once a court obtains jurisdiction, it retains jurisdiction over matters connected with the initial proceeding. Such continuing jurisdiction in Louisiana is a concept based on the case of Imperial v. Hardy, 302 So.2d 5 (La.1974), which involved child support. A Louisiana district court had originally rendered a judgment fixing the monthly amount to be paid by the father. In upholding jurisdiction over a subsequent proceeding to obtain a judgment for the past due child support, this Court noted that jurisdictional power "would be meaningless in this case if the husband could submit to the court's jurisdiction and be cast for child support which this court could neither later modify nor enforce within its boundaries."
The same reasoning cannot be applied to this case. It is not unreasonable to conclude that a court which had jurisdiction over the dissolution of a marriage would not have jurisdiction over a later partition of community property. Although La.Code Civ.Pro. art. 82 provides that an action to partition community property may be brought as an incident of the action to dissolve the community, it recognizes that partition may be brought as a separate action. The partition is not a simple change in or modification of the divorce proceeding; it is sufficiently distinct to be brought as a separate action, and the absence of jurisdiction in a later partition proceeding by no means renders meaningless the court's original jurisdiction over the dissolution of the marriage.
I believe that this application of the concept of continuing jurisdiction is an unwarranted extension of Imperial v. Hardy, supra.
Furthermore it is fundamentally unfair, as well as wrong, to overrule defendant's exception to jurisdiction based on a petition which does not even allege defendant is a domiciliary of Louisiana and without affording defendant a chance to prove that he removed his domicile from Louisiana to Alabama.
For these reasons I respectfully dissent.
NOTES
[1] Tr., Vol. 1, p. 16.
[2] 10 U.S.C.A. § 1408(c)(1) provides:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."
[3] LSA-C.C. art. 38 provides:

"The domicile of each citizen is in the parish wherein he has his principal establishment. "The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interest are thereby affected."
[4] LSA-C.C. art. 2291 provides:

"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
"It amounts to full proof against him who has made it.
"It can not be divided against him.
"It can not be revoked, unless it be proved to have been made through an error in fact.
"It can not be revoked on a pretense of error in law."
[5] Compare Boschee v. Boschee, 340 N.W.2d 685 (N.D., 1983) where continuing jurisdiction was held to be inapplicable in a case where the wife sought to amend the divorce decree which had ordered the husband to convey certain property to the wife. There was no continuing jurisdiction because of a North Dakota statute that listed the specific circumstances in which continuing jurisdiction was applicable; the circumstances did not fall within the enumeration. Louisiana does not have a statute listing the situations in which the trial court retains continuing jurisdiction.
[6] LSA-C.C.P. art. 82 provides:

"Except as otherwise provided in the second paragraph of this article, an action to partition community property shall be brought either as an incident of the action which would result in a dissolution of the community, or as a separate action in the parish where the judgment dissolving the community was rendered.
"If the community owns immovable property, the action to partition the community property, movable and immovable, may be brought in the parish where any of the immovable property is situated."
[1] The dissolution of the community (which is effective upon the date of the filing of the action under La.C.C. Art. 155) gives rise to the cause of action for dividing the community property.