LOBRANO, Judge.
In this appeal we are called upon to decide the jurisdictional issue of a community property partition. Ruth Sandlin Nolan filed a petition to partition community property, particularly Military Retirement Benefits, against her former husband Harry J. Nolan. The trial court upheld Harry Nolan’s exception to the Court’s jurisdiction over his person. The former wife perfects this appeal.
The record shows that the parties were married on July 7, 1951 in San Diego, California. At that time Harry Nolan was on active duty in the United States Marine Corps, but was domiciled in the State of Louisiana. On September 4, 1968, in the Civil District Court for the Parish of Orleans, he filed a suit for divorce against Ruth Sandlin Nolan. A judgment of divorce was rendered September 30, 1968. The judgment also awarded custody of their two minor children to the wife, and ordered that the husband pay $425.00 per month for child support.
On July 11, 1985 Ruth Nolan, in the original divorce suit, filed a petition to partition community property seeking her proportionate share of Harry Nolan’s military retirement benefits. At that time, the former husband was residing in North Carolina. Certified copies of the petition and citation were mailed to him by certified mail to his last known address in Hender-sonville, North Carolina. The record shows those documents were received by him on July 16, 1985.
On August 19, 1985, Harry Nolan filed a declinatory exception alleging lack of personal jurisdiction, insufficiency of citation, and insufficiency of service or process. The trial court, reasoning that his action did not fall within those enumerated under the Long Arm Statute (La.R.S. 13:3201), granted the exception and dismissed the matter for lack of personal jurisdiction. We reverse.
*1261 We are of the opinion that our Supreme Court’s holding in Gowins v. Gowins, 466 So.2d 32 (La.1985), is dispositive of the issue. On facts very similar to the instant case, the Court in Gowins found that the trial court, once it obtains personal jurisdiction in a divorce or separation proceeding it retains jurisdiction over any incidental matters connected with the original proceedings. The court, citing La.C.C.P. Art. 82, held that an action to partition community property is incidental to the dissolution of the marriage, and therefore the Louisiana Court continued to have jurisdiction.
This holding was followed by the Second Circuit in an action involving the enforcement of a community agreement. Stevens v. Stevens, 476 So.2d 883 (La.App.2nd Cir. 1985), writ denied 478 So.2d 908. We conclude the following excerpt from Stevens is a correct statement of the Gowins holding:
“Under the rule set forth in Gowins the trial court, of course, must have personal jurisdiction in the original proceeding before any continuing jurisdiction can be exercised. In the original proceedings of the instant case, jurisdiction was properly obtained over Mr. Stevens in the separation suit as he was a Louisiana domici-lary at the time, waived service of process and filed an answer and reconven-tional demand. Later, he again evoked the trial court’s jurisdiction by filing his suit for divorce.
Therefore, under Gowins, the trial court properly obtained jurisdiction in the original proceeding and that jurisdiction continued into the instant action to enforce the community property settlement agreement.” Id. at 886.
In the instant action Harry Nolan invoked the jurisdiction of the trial court to obtain his divorce. He and his wife were both Louisiana domiciliaries at that time. Harry Nolan attempts to distinguish Gow-ins by arguing that in Gowins the community property settlement was reached approximately one year after the initial filing for divorce, whereas in this case the partition proceedings have been brought much later. This is a distinction without a difference. The length of time has no bearing on the doctrine of continuing jurisdiction.[1]
He further argues that because community property was not mentioned in the original divorce proceedings, the Court does not have continuing jurisdiction over that issue. We disagree. Gowins, supra, clearly held that the partition of community property is incidental to the action dissolving the marriage. The fact that it is not mentioned in the original petition or answer is of no consequence.
This matter is reversed, and remanded to the trial court for further proceedings. Appellee is to pay all costs.
REVERSED AND REMANDED.

. See also Savoie v. Savoie, 482 So.2d 23 (La. App. 5th Cir.1986).