KLEES, Judge.
The plaintiff brought an action to partition shares of stock of a corporation which she claims formed part of the community of acquets and gains existing between her and her deceased ex-husband. The administrator of the decedent’s estate filed a declinatory exception claiming the court lacked jurisdiction over this matter. The exception was sustained and the suit dismissed by the trial court. We affirm.
The plaintiff, Sally Moss Robertson, married the decedent, Willard Robertson, Sr. in New York City in 1939. The couple immediately established their domicile in Connecticut and two children were born of this marriage. Several years later, Mr. Robertson established domicile in New Orleans. He was granted a divorce from the plaintiff in 1950 by the Civil District Court for the Parish of Orleans on the basis of living separate and apart for two years. The plaintiff did not become aware of these proceedings until three months after the judgment was rendered. There was no partition of community assets at the time of divorce because the decedent made no allegation in his suit for divorce of the existence of any community assets. Mr. Robertson subsequently remarried and eventually established a domicile in Benton County, Arkansas.
Following Mr. Robertson’s death in 1983, the children of his first marriage brought an action to assert their rights as heirs. The plaintiff claims that at this time it was discovered that the decedent had formed a corporation, in which he was the majority shareholder, prior to obtaining a divorce from the plaintiff. Plaintiff, who is still domiciled in Connecticut, brought an action in Civil District Court for the Parish of Orleans requesting that the Court partition the shares of stock of this corporation. She contends that since the corporation was formed prior to the divorce, the shares of stock of the corporation comprise the community which existed between her and the decedent. Defendants named in this action are the co-administrators of the succession.
The plaintiff strongly argues that this is a suit to partition community property therefore, according to Louisiana Code of Civil Procedure Article 82, it must be brought in the parish where the judgment dissolving the community was rendered, Orleans Parish. The defendants argue that since this is an action against a succession, it must be brought in the court where the succession proceedings are pending. They further argue that this succession was properly opened in the district court of Benton County Arkansas, the county in which the decedent was domiciled at the time of his death.
In support of the plaintiff’s contention that the Orleans Parish Civil District Court has jurisdiction over the present matter, she relies heavily on the case of Gowins v. Gowins, 466 So.2d 32 (La.1985). Gowins dealt with whether or not the plaintiff’s ex-husband was a Louisiana domicilliary for the purpose of partitioning his military retirement pension. The Court found that the ex-husband was domiciled in Louisiana since he stated in certain petitions that he was domiciled in Louisiana and there was no proof that he had acquired a domicile elsewhere. The Court also concluded that the ex-husband had impliedly subjected himself to the jurisdiction of the court by making a general appearance. Gowins is readily distinguishable from the case at bar in two respects. First, in Gowins there *221 was controversy over where the plaintiffs ex-husband was domiciled. In this case, it is undisputed that the decedent was domiciled in Arkansas at the time of his death. Secondly, in Gowins the plaintiffs ex-husband was alive, while here the plaintiffs ex-husband is deceased. Therefore, we are not dealing with property rights owned in indivisión by the plaintiff and her ex-husband, but with property rights owned by the heirs of her ex-husband.
Succession of Brown, 468 So.2d 794, (La. App. 1st Cir.1985) dealt with facts similar in some respects to the case at bar. In Brown, the trial court allowed L.S.A.R.S. 9:2801 to be used to partition immovable property owned by the plaintiff and the heirs of her deceased ex-husband. This statute provides in pertinent part:
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising from the matrimonial regime, either spouse, upon termination of the matrimonial regime, may institute a proceeding, which shall be conducted in accordance with the following rules:
The First Circuit reversed the trial court, concluding that this statute applied to controversies between living spouses and could not be extended to all partitions involving community property.
We conclude that Louisiana Code of Civil Procedure Article 82, upon which the plaintiff relies as the basis for invoking the jurisdiction of the district court, should be construed in the same manner as R.S. 9:2801, which also deals with partition of community property. That is, this article may be invoked only by divorced spouses who own property in indivisión, not by a surviving divorced spouse who is seeking to partition property which she owns with the heirs of her deceased ex-spouse.
Having concluded that this is a claim against the succession of the decedent and not a partition of community property, we affirm the judgment of the trial court.
AFFIRMED.