590 So.2d 647 (1991)
Pauline Dronet HEGGINS, Plaintiff-Appellant,
v.
Delano Roosevelt HEGGINS, Defendant-Appellee.
No. 90-447.
Court of Appeal of Louisiana, Third Circuit.
November 13, 1991.
Writ Denied February 7, 1992.
Richard A. Morton, Deridder, & Benjamin O. Burns, Lafayette, for plaintiff-appellant.
Hill & Beyer, Lisa C. McCowen, Lafayette, for defendant-appellee.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
YELVERTON, Judge.
This is an appeal from the sustaining of an exception raising the objection of the court's lack of personal jurisdiction over *648 Delano Roosevelt Heggins, a resident of Mississippi, in a suit by his former wife to partition his military pension. We reverse and remand.
Pauline and Delano Heggins were married in 1956. In 1979 Pauline filed for a separation in Lafayette Parish. In the separation suit, in addition to asking for child support for their three minor children, she also prayed for preliminary and permanent injunctions to prohibit Delano from alienating community property, as well as the reservation of her right to later seek a partition. Delano made a general appearance in the suit. On July 30, 1979, the trial judge signed a judgment, based on a stipulation, ordering Delano to pay child support of $300 per month out of his military pension of $578 per month, which was to begin on his retirement from military service the very next day, July 31, 1979. The judgment also recognized Pauline's right to seek a partition of the community at a later date.
No further proceedings took place in that lawsuit for the next ten years. In the meantime, Delano moved to Mississippi.
Also in the meantime, in 1980, both parties signed and filed a joint petition for a no-fault divorce in the Chancery Court of Warren County, Mississippi. In this petition they declared that they had settled all property rights between them. A final divorce decree was rendered by the Mississippi court on April 29, 1981. The Mississippi decree recognized that the parties by written agreement had made "adequate and sufficient provision ... for the settlement of property rights between them." This written agreement is not in the record.
On March 10, 1989, Pauline filed the present petition in Lafayette to partition Delano's military pension. The suit was filed under the docket number of the 1979 suit in Lafayette for separation and child support. Service of process on the defendant in Mississippi was accomplished under La.R.S. 13:3204, which is part of the Louisiana Long-Arm Statute. In this petition Pauline acknowledged the validity of the Mississippi divorce decree. However, she alleged that the military retirement benefits had never been partitioned.
Delano filed an exception of lack of personal jurisdiction. It was maintained and Pauline's suit was dismissed.
What we have to decide in the circumstances of this case is whether Louisiana has personal jurisdiction over Delano to hear the partition of the military pension. Pauline claims that Louisiana retained jurisdiction over Delano because he consented to Louisiana's jurisdiction by appearing in the earlier separation proceedings. She contends that Louisiana, along with Mississippi, retained a "concurrent continuing jurisdiction" over the partition of the community.
Louisiana's personal jurisdiction over the defendant must comply with the Uniformed Services Former Spouses' Protection Act, in particular 10 U.S.C.A. § 1408(c)(4), which provides:
(4) A court may not treat the disposable retired pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.
The only provision of this statute which could give Louisiana personal jurisdiction on these facts is Subsection (c).
The issue is whether Delano's voluntary submission to Louisiana's jurisdiction in the prior separation proceeding was "consent" which provided the Louisiana court with continuing jurisdiction (as to the unpartitioned community property) despite the subsequent divorce decree obtained in Mississippi and the voluntary partition which was executed there. Delano contends that Louisiana has no jurisdiction because the divorce, which incorporated the parties' voluntary partition agreement by reference, abated the Louisiana action.
We find that the exception should have been overruled. Once a court obtains jurisdiction, it retains jurisdiction over incidental *649 matters connected with the initial proceeding. Gowins v. Gowins, 466 So.2d 32 (La.1985). Partition of the community is an incident to the dissolution of a marriage and the community. La.C.C.P. art. 82; Gowins, supra. A divorce judgment will abate only the action of separation and any issues that are necessarily incidental to it, such as alimony pendente lite. Wilde v. McMilleon, 513 So.2d 551 (La.App.2d Cir. 1987). Although partition of the community is an incident to the dissolution of a marriage, the right to partition, if not exercised at the time of the divorce, survives the divorce. The action for a partition is not abated by the divorce.
Community property which is not disposed of by a community property settlement agreement remains owned in indivision by the parties. Rollison v. Rollison, 541 So.2d 375 (La.App.2d Cir.1989). The action of partition lies between all persons who hold property in common, from whatever cause they may hold in common. La. C.C. art. 1308.
In the present case the petition alleges that not all of the community property was partitioned by the property settlement in Mississippi. The petition alleges that the military pension remains undivided. The petition thus states a cause of action for a supplemental partition. Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir.), writ denied 347 So.2d 250 (La.1977). Delano has responded to the petition by filing an exception raising the objection of the court's lack of personal jurisdiction over him. The exception should have been overruled. He consented to Louisiana's jurisdiction by appearing in the separation proceedings in 1979. Partition of the community was an incident of that proceeding. As to the unpartitioned military pension, Louisiana had jurisdiction over him then, and has it still. Gowins, supra.
The judgment is reversed and the case is remanded. Delano will pay the costs of this appeal.
REVERSED AND REMANDED.