BOWES, Judge.
Plaintiff/ appellant, Agnes Bischoff Courtney, attempts to appeal a judgment of the district court which granted defendant’s exception of no cause of action and gave plaintiff thirty days to amend her petition. We reverse and remand the case for further proceedings.
DISCUSSION
Plaintiff and Ronald B. Courtney were divorced by judgment of the 24th Judicial District Court. This judgment terminated the community of acquets and gains which had existed between them effective January 5, 1976 (the date of the filing of the petition for separation). On September 16, 1975, plaintiff and Mr. Courtney executed a community property settlement agreement. However, the parties failed to include in this settlement Mr. Courtney’s Shell Oil Company Pension Plan.
Mr. Courtney subsequently married defendant, Lucille Wilson Courtney, and they remained married until his death on February 9, 1990.
Mr. Courtney was employed by Shell Oil Company and contributed to the company pension plan during both his first and second marriages. At some point prior to his death, defendant, the second Mrs. Courtney, was named as his beneficiary in this plan. After Mr. Courtney’s death, defendant began receiving monthly benefits.
On February 8, 1991 plaintiff filed suit against defendant, both in her individual capacity and as successor to the interests of Mr. Courtney, alleging that she is enti- *1124 tied to a portion of the benefits payable under the Shell Oil Company Pension Plan that are attributable to her one-half (V2) interest in the community formerly existing between herself and Mr. Courtney. Defendant filed exceptions of no cause of action, no right of action, prescription and non-joinder of necessary and indispensable parties. On September 24, 1991 the trial court granted defendant’s exception of no cause of action and gave plaintiff thirty days to amend her petition. Defendant’s other exceptions were denied.
Plaintiff, simultaneous with her motion for appeal and within the 30 days prescribed, complied with the order of the trial court and filed amended petition which named as defendant the Succession of Ronald B. Courtney.
On appeal, plaintiff/appellant argues that the trial court erred in granting the exception of no cause of action. Plaintiff contends that when the community between she and Mr. Courtney was dissolved she became the owner in division of one-half of the interest in the Shell Oil Company Pension Plan from payments attributable to contributions made during the existence of that community. Plaintiff’s ownership interest was not adjudicated by the community settlement agreement and thus she continues as a co-owner in division of a portion of the plan. Accordingly, defendant, as the contractually designated beneficiary, has the obligation to account to plaintiff for her share in the Shell Oil Company Pension Plan.
Defendant/appellee alleges that any claim plaintiff may have is against the estate of Mr. Courtney and therefore the succession, through its representative, is the appropriate party to defend this action. Defendant also argues that Mr. Courtney never retired and therefore she is not receiving benefits pursuant to a retirement plan. Instead Mr. Courtney died while still employed, and defendant is merely receiving survivor benefits.
ANALYSIS
In Kuebler v. Martin, 578 So.2d 113, 114 (La.1991), our Supreme Court said:
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971).
• In this case, plaintiff’s petition alleges that the Shell Oil Company Plan was in existence during plaintiff’s marriage to Mr. Courtney, that community funds were used to make contributions to the plan and that the plan was never divided upon termination of the community. The petition further alleges that defendant is currently receiving all of the monthly benefits under the pension plan, despite the fact that plaintiff is a co-owner of the plan and is therefore entitled to a portion of these benefits.
Accepting these allegations as true, which we are required to do, we find that plaintiff has stated a cause of action against defendant.
In Frazier v. Harper, 600 So.2d 59, 61 (La.1992), the court considered the nature of a spouse’s intent in an employee pension plan acquired during the existence of the marriage upon termination of the community and concluded that:
An employee’s contractual pension right is not a gratuity but a property interest earned by him. Hare v. Hodgins, 586 So.2d 118, 122 (La.1991); T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976). To the extent that the right derives from the spouse’s employment during the existence of the marriage, it is a community asset subject to division upon dissolution of the marriage. La.C.C. art. 2338; Hare v. Hodgins, supra; Sims v. Sims, 358 So.2d 919 (La.1978). Consequently, when the community is terminated, the employee’s spouse is entitled to be recognized as the owner of one-half of the value attribut *1125 able to the pension or deferred compensation right earned during the existence of the community. La.C.C. art. 2336; La.R.S. 9:2801; Hare v. Hodgins, supra, and authorities cited therein.
* * * * * *
After termination of the community property regime, the interests of the former spouses in anything held in indivi-sión are treated as coownership and the provisions of law governing coownership apply unless there is contrary provision of law or juridical act. La.C.C. art. 2369.1 (1990), and Comment thereto; K. Spaht & L. Hargrave, Matrimonial Regimes, 16 La.Civil Law Treatise, Sec. 7.19, at 317 (1989).
Thus, plaintiff has stated a cause of action against defendant for any portion of the benefits of the Shell Oil Company employee plan to which plaintiff is entitled as a co-owner of the plan. Compare Tucker v. District Atty’s Retirement System, 445 So.2d 514 (La.App. 3 Cir.1984), writ denied, 447 So.2d 1080 and 1081 (La.1984).
Accordingly, we reverse the ruling of the trial court which granted defendant’s exception of no cause of action and remand this case for further proceedings and resolution of the issues involved. All costs of this appeal are assessed against appellee.
REVERSED AND REMANDED.