# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-511


CHAD ANTHONY MIRE

VERSUS

LACINDA MICHELLE STEWART MIRE


**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 65561-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED IN PART, VACATED IN PART,
AND REMANDED.**


Gary J. Ortego
Attorney at Law
P. O. Drawer 810
Ville Platte, LA 70586
(337) 363-0707
Counsel for Plaintiff/Appellee:
    Chad Anthony Mire

Susan Ford Fiser
Attorney at Law
P.O. Box 12424
Alexandria, LA 71315-2424
(318) 442-8899
Counsel for Defendant/Appellant:
    Lacinda Michelle Stewart Mire

**DECUIR, Judge.**

Lacinda Michelle Stewart Mire appeals the dismissal of her petition for the supplemental partition of community property following her divorce from Chad Anthony Mire. For the reasons assigned, we affirm in part, vacate in part, and remand.

The parties were married in 1988, separated in January of 2003, and divorced in December of 2003. According to the testimony, the family home was sold in July of 2003. On December 22, 2003, the court issued an "order of visitation plan and partition of property" pursuant to an agreement reached by the parties. The vaguely worded and incomplete partition included the following division of property: to Chad, the truck, boat, trailer, lawn mower, four-wheeler, "certain personal items," and one-half of his 401K plan; to Michelle, the Suburban, computer, printer, scanner, "all items presently in the home," and one-half of Chad's 401K plan. No other property, debts, or financial accounts were included in the partition, nor was any mention made concerning the proceeds of the sale of the family home.

In 2005, Michelle petitioned the court for a supplemental partition of the community. At issue in this appeal are two items Michelle contends were inadvertently omitted from the original partition: the remaining amount on a $24,300.00 debt to Michelle's father for the down payment on a home purchased by the couple in 2001, and her share of a deferred compensation plan held by Chad's employer on his behalf which was paid out in 2004 and 2005.

With regard to the $12,000.00 balance owed to Michelle's father, Chad admitted at trial his knowledge of the debt and the couple's ongoing payments with community funds during their marriage. The court found, however, that because the house was not included in the original partition, presumably because of plans to sell it, the parties must have "intended a separate handling" of their financial obligations

associated with the house. Accordingly, at the time of the hearing on the supplemental partition in 2005, the court concluded the debt to Michelle's father was no longer a community obligation.

Similarly, the trial court also denied the partition of funds received by Chad from the payout of his deferred compensation plan. Noting that both parties testified as to their knowledge of the deferred compensation plan, the court inferred by analogy their intent to partition *all* community property in the original partition agreement. The court explained:

> In testimony before the court, [Michelle] admitted that she was aware of the deferred compensation payments or accounts at the time of the partition agreement. It would appear logical, then, that, as with the family home, this item was omitted for a reason. This appears especially true in light of the inclusion of the 401K plan in the partition and the fact that [Michelle] had signed Chad's employment contract, thereby acknowledging knowledge of its contents.
>
> . . . .
>
> By analogy, since both parties were aware of their complete financial picture, including presently claimed items of deferred compensation, and the Stewart loan at the time of the partition, the conclusion must be reached that the parties intended a separate handling of their affairs, as with the family home, and, therefore, intended the partition to settle all community property.

In this appeal, Chad urges this court to affirm the trial court's ruling based on Michelle's admitted knowledge of the funds included in the deferred compensation plan. He argues that she is precluded from revisiting the previous judicial partition. Conversely, Michelle argues that the deferred compensation funds and the debt to her father were inadvertently omitted from the original partition and are properly subject to supplemental partition as prayed for.

In *Corley v. Badon*, 00-1407, p. 2 (La.App. 3 Cir. 2/28/01), 781 So.2d 768, 770, *writ denied,* 01-0853 (La. 5/25/01), 793 So.2d 163, this court held that the

parties to a partition agreement do not forfeit any interest each may have in certain community property not included in the settlement:

> [W]hile the parties certainly waived the right to recalculate or reapportion community property listed in the settlement, they did not forfeit any interest each may have in community property not included in the settlement.

> In *Moreau v. Moreau*, 457 So.2d 1285 (La.App. 3 Cir. 1984), this court allowed a supplemental partition of a husband's military retirement benefits which had been intentionally omitted from the community property settlement due to a mutual mistake of the parties. Likewise, in *Succession of Tucker*, 445 So.2d 510 (La.App. 3 Cir.), *writ denied*, 447 So.2d 1077 (La.1984), this court was presented with similar waiver language as in the instant case. We held:

>> LSA-C.C. art. 1308 provides that an action of partition lies between all persons who hold property in common. LSA-C.C. art. 1401 provides that the mere omission of a thing from the partition is not ground for rescission, but simply for a supplementary partition. The plaintiff here asks for nothing more than a supplementary partition of a community asset omitted from the original community property settlement through mutual oversight. . . . We do not interpret the clause in the partition agreement as a waiver of the plaintiff's right to seek a supplemental partition of an omitted asset which was never considered by the parties at the time of the original agreement. Therefore, the plaintiff has the right to ask for a supplemental partition under C.C. art. 1401.

445 So.2d at 513.

Article 807 of the Louisiana Civil Code provides that "[a]ny co-owner has a right to demand partition of a thing held in indivision." Regarding community property, the jurisprudence of this state holds that "Community property which is not disposed of by a community property settlement agreement remains owned in indivision by the parties. *Rollinson v. Rollinson,* 541 So.2d 375 (La.App. 2 Cir. 1989)." *Heggins v. Heggins,* 590 So.2d 647, 649 (La.App. 3 Cir. 1991), *writ denied*, 592 So.2d 1300 (La.1992). Furthermore, in a holding specifically affirmed by the supreme court, the fifth circuit stated: "[T]he law is clear that where there is no

3

transfer of rights in the partition document, an asset remains owned in indivision by the parties." *Hare v. Hodgins,* 567 So.2d 670, 672 (La.App. 5 Cir. 1990), *aff'd in part, rev'd in part on other grounds,* 586 So.2d 118 (La.1991). *See also, Terrebonne v. Theriot,* 94-1632 (La.App. 1 Cir. 6/23/95), 657 So.2d 1358, *writ denied*, 95-2249 (La. 11/27/95), 663 So.2d 743. Even when an original partition does explicitly purport to be a full and final property settlement between the spouses, the courts have allowed supplemental partitions of omitted assets when the facts and intent of the parties warrant it. *Day v. Day,* 02-0431 (La.App. 1 Cir. 5/28/03), 858 So.2d 483, *writ denied,* 03-1845 (La. 11/7/03), 857 So.2d 492, *citing Hare* and *Faucheaux v. Faucheaux,* 97-1369 (La.App. 4 Cir. 1/28/98), 706 So.2d 654, *writ denied,* 98-0482 (La. 4/9/98), 717 So.2d 1146. Finally, in *LeBlanc v. LeBlanc,* 05-212, p.5 (La.App. 3 Cir. 11/2/05), 915 So.2d 966, 969, this court held that "**inadequate partition** or no partition at all permits the parties to continue as co-owners as to any undivided property." (Emphasis added.)

"Inadequate" is certainly an apt description of the partition at issue before us. Consequently, we must review the facts to determine if Chad and Michelle intended to partition the community debts arising from the purchase of their home and Chad's deferred compensation funds.

Upon review of the record, we find the evidence regarding the sale of the family home and extinguishment of the debts associated therewith to be equivocal. The sale itself was not documented in this record. While there was testimony indicating the home was sold prior to the divorce, the trial court's reasons do not state that the house was previously sold at the time of the original partition. Furthermore, while both parties admit the debt to Michelle's father, the unsecured loan was not in writing and evidence regarding payments made on the loan was incomplete, as Mr.

4

Stewart's ledger was not admitted into evidence. In addition to Michelle's contention that her father is still owed $12,000.00, Chad testified that the mortgage payoff amount listed in the closing documents at the time of the sale was incorrect; consequently, he took out a loan subsequent to the partition to pay it off and is using separate funds to repay that loan. Given these competing considerations, we find the trial court properly denied Michelle's request to partition the debt to her father. The dismissal of that portion of Michelle's petition is affirmed.

Turning now to the deferred compensation plan, we question the trial court's analogy between those funds and the sale of the family home, which had presumably already been sold. The deferred compensation plan was omitted from the original partition. There is nothing in the language of the partition indicating an intent to include those funds, nor is there a category of unspecified items which could encompass those funds. While both parties were aware of its existence, there is no convincing evidence as to whether it was considered by the parties or their attorneys, much less the court, in the original partition. Nevertheless, at the hearing on the supplemental partition, the trial court found the deferred compensation funds were "omitted for a reason" and that the parties "intended a separate handling of their affairs."

The record is totally devoid of any evidence to support this factual conclusion. The trial court was convinced from the testimony of the witnesses that the parties intended to partition the entire community at the time of the divorce in 2003, but this finding has no factual basis in the record. For instance, if the evidence indicated that the deferred compensation plan was simply forgotten, then a supplementary partition could be allowed as the parties did not restrict themselves from subsequently dividing additional community assets. Conversely, if a side agreement revealed an intent to

5

finalize litigation, or if the facts show a intent to offset debts assumed by Chad, then Michelle would have no basis to support her prayer for a supplemental partition. The trial court's assumptions have left this court in the difficult position of having to guess at the grounds for the decision rendered below.

Because we cannot glean from the record the parties' specific intention regarding the proceeds of the deferred compensation plan, we must remand for the taking of evidence on this point. If the evidence reveals that the parties intended the proceeds to be given in full to Chad to equalize other property given to Michelle, or other debts assumed by Chad, then Michelle is not entitled to judgment in her favor. However, if the deferred compensation funds were simply forgotten and inadvertently omitted from the original partition, then those funds must now be partitioned, and the trial court must calculate the precise amount owed to Michelle.

Accordingly, that portion of the trial court's judgment dismissing Michelle's claim for a partition of the funds dispersed from Chad's deferred compensation plan must be vacated and the matter remanded for the taking of further evidence.

For the above and foregoing reasons, the judgment of the trial court is affirmed in part, vacated in part, and remanded. Costs of the appeal are assessed equally to the parties.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

6