370 So.2d 659 (1979)
Mary RASBURY, wife of Joseph Roger Baudier
v.
Joseph Roger BAUDIER.
No. 10007.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1979.
Philip R. Riegel, Jr., Parlongue & Riegel, New Orleans, for plaintiff.
Evangeline M. Vavrick, New Orleans, for defendant.
Before REDMANN, BOUTALL and SCHOTT, JJ.
REDMANN, Judge.
A divorced wife appeals from the dismissal on exception of prescription of her action for partition of her ex-husband's military pension, which was not expressly mentioned in the original partition of their community property.
The theory of the ex-husband's exception is, necessarily, that the ex-wife's action was one for rescission of the original partition, because he pleads the five year prescription of actions to rescind, La.C.C. 1413 and 3542. The ex-husband's theory presupposes that the partition disposed of the disputed item; otherwise rescission of the partition would be unnecessary and, indeed, C.C. 1401 declares that "mere omission of a thing . . . is not ground for rescission, but simply for a supplementary partition."
The petition here did not allege any cause, such as lesion, C.C. 1398, for rescission of the original partition; it alleged only that the military pension had been omitted. Such a petition for partition alleging omission of an item in an earlier *660 partition may be mistaken, and may fail for lack of proof, but it is an action for partition and as such is never subject to an exception of liberative prescription; C.C. 1304.
If the act of partition included the disputed item either by express description or by some general clause, then the petition for partition should fail on the merits because plaintiff is not a co-owner of the property sought to be partitioned: because she has no claim, not because her claim is prescribed.[1]
If, on the contrary, the original partition did not include the disputed item, then neither ex-spouse has succeeded to the other ex-spouse's interest in the item. The item would therefore remain co-owned by the two ex-spouses, and an action by a co-owner for a partition is never prescribed; C.C. 1304.
Thus, irrespective of whether the item was included in the original partition or not,[2] the exception of liberative prescription was incorrectly maintained.
Reversed; exception overruled.
NOTES
[1] Only if plaintiff should amend her petition to seek rescission would prescription become applicable.
[2] The act of partition (stipulated into the record on appeal) contains only one clause which would transfer to one spouse the other's interest in unspecified things: the husband is given "miscellaneous contents and movables now in his possession, including television, radio-phonograph, ironer, attic fan, etc., valued at $150." Both because of its total valuation of the things it included and because of its express mention of comparative trifles, that clause can hardly be interpreted to include military pension rights worth many thousands of dollars. Furthermore, "funds deposited in the Louisiana state employees retirement system," valued at only $2,532.29, were expressly listed elsewhere, again making it more probable than not that the much more valuable military pension was not intended to be included in the $150 miscellany.

Nor does the act contain a general clause similar to that of Moon v. Moon, La.App., 3 Cir. 1977, 345 So.2d 168, writ refused, 347 So.2d 250, by which the ex-wife conveyed to the ex-husband "All movable property formerly belonging to the community . . . excepting the movable property . . . specifically conveyed hereafter to" the ex-wife. Moon was itself a divorce case, filed a year and four days after a judgment of separation (which necessarily preceded the partition). Thus Moon did not present a five-year prescription problem. The husband's defense in Moon was that the quoted language transferred to him the wife's interest in his military pension. The court conceded that "out of context" the language included the pension, but concluded that, in context, it did not. Our act of partition contains a general clause by which the parties "discharge each other from any further accounting . . . and declare that the community and all claims" "in connection therewith have been fully liquidated. . . and that there are no other assets of the community." In considering the effect of this clause we are mindful, as the ex-husband notes, that the ex-wife got a disproportionate share of the net recited value of assets over liabilities expressly included in the partition ($13,831.18 to $5,359.65), notwithstanding the partition's declaration that the shares" are of equal value." These circumstances may suggest the possibility that the parties did consider the value of the military pension. Still our act's general clause does not (as Moon's did) purport to transfer to either ex-spouse the other's interest in unspecified property.
In any case the question of whether the disputed item was included in the original partition or not is not raised by an exception of prescription.