385 So.2d 503 (1980)
Peggy Ruth Farrar NIX
v.
Charles F. NIX.
No. 13165.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
Rehearing Denied July 7, 1980.
*504 Joseph P. Brantley, IV, Baton Rouge, for plaintiff-appellee Peggy Ruth Farrar Nix.
Donald R. Weber, Baton Rouge, for defendant-appellant Charles F. Nix.
Before ELLIS, PONDER and COLE, JJ.
PONDER, Judge.
This is a suit for partition of community property. The defendant appealed the judgment ordering the partition.
The issues are the validity of an agreement partitioning at least some of the community property; the completeness of the agreement; and prescription.
We reverse and render.
Plaintiff and defendant were legally separated in April, 1968 and divorced in November, 1971. In May, 1967, they had entered into an agreement purporting to divide the community property. Within a few days of signing, plaintiff left the matrimonial domicile, taking with her a number of household items, some antiques and a car. Over the next few years she received from defendant the $1,750.00 payable under the agreement. She also sold back to defendant at least one item of furniture. She traded the car in on another vehicle and made no accounting to defendant.
In 1978, plaintiff filed a suit for partition of the community, claiming the settlement she signed in 1967 was invalid because she and defendant were still living as husband and wife at the time of the signing. She also claimed that the immovable property of the community was never meant to be included in the agreement.
The trial court found for defendant stating in its written reasons that the settlement had been ratified by plaintiff.
Plaintiff applied for and was granted a new trial based on Ward v. Ward, 339 So.2d 839 (La.1976) and Rasbury v. Baudier, 370 So.2d 659 (La.App. 4th Cir. 1979). The judge then found for plaintiff based upon the testimony and evidence adduced at the previous hearing.
On appeal, defendant claims a new trial should never have been granted to plaintiff based upon the cases. That question, however, addresses itself to the large discretion of the trial court. We find no abuse.
*505 We find no merit to defendant's exception of prescription since this is a suit for partition. Rasbury v. Baudier, supra.
Further, appellant claims that plaintiff did in fact ratify the agreement and that the "omnibus" language in the settlement is sufficient to include all property in the community, movable or immovable. Although property settlements signed prior to the dissolution of the community are null, they may be subsequently ratified. Clay v. Clay, 358 So.2d 649 (La.App. 1st Cir. 1978). Plaintiff and defendant ratified the agreement by their actions after the termination of the community. We find the Ward and Rasbury cases neither controlling nor relevant.
The final issue remaining is whether the omnibus clause of the agreement was sufficient to include immovable property. The settlement reads as follows:
"This document, signed by interested parties, has been notarized, showing mutual agreement to the community property settlement, out of court, with no other settlement forthcoming.
Mrs. Charles F. Nix, resident of Apartment # 6, 450 Cloud Drive, Baton Rouge, Louisiana, will remove one-half of the furniture and household goods, now in joint residence of Mr. and Mrs. Charles F. Nix. Mr. Charles F. Nix will pay Mrs. Charles F. Nix a total sum of Seventeen Hundred and 50/100 ($1750.00) in total payment of community property. Mrs. Charles F. Nix, as of June 4th, is to assume complete responsibility of her livelihood."
An omnibus description of land is effective between the parties even though the land was not specifically described. Valvoline Oil Company v. Krauss, 335 So.2d 64 (La.App. 3rd Cir. 1976).
Defendant testified he paid plaintiff the money for her share of the equity interest in the house. Plaintiff never addressed this issue at all. The agreement says the money was in total payment of community property and that no other settlement is forthcoming from the parties. We find that the parties meant for the settlement to include any and all community property, whether movable or immovable.
Therefore the judgment of the trial court is reversed and there is now judgment in defendant's favor and against the plaintiff dismissing her suit. All costs are assessed against the appellee.
REVERSED AND RENDERED.