462 So.2d 893 (1984)
Frances May Bua LOCOCO
v.
Dr. Santo J. LOCOCO.
No. CA-1796.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 1984.
*894 Trudy H. Oppenheim, P.C., New Orleans, for plaintiff-appellant Frances May Bua Lococo.
Frederick J. Gisevius, Jr., Jane M. Gisevius, Law Office Frederick J. Gisevius, Jr., New Orleans, for defendant-appellee Dr. Santo J. Lococo.
Before REDMANN, C.J., and KLEES and WILLIAMS, JJ.
KLEES, Judge.
The plaintiff, Frances May Bua Lococo, filed suit against her former husband, Dr. Santo J. Lococo, alleging a breach of his fiduciary duty to maintain and preserve certain community properties under his exclusive management and control during the period of time between the termination of the community and the actual partition of the former community. The plaintiff was awarded the properties in question by virtue of a judgment partitioning the community property. The defendant filed exceptions of res judicata and prescription, which were sustained by the trial court. The plaintiff appeals the judgment dismissing her suit on the pleas of prescription and res judicata. The issues on appeal are 1) whether the prescriptive period of C.C. Art. 2369 is applicable to bar plaintiff's suit, and 2) whether this suit has the same object as the partition proceeding, thereby rendering it res judicata.
The plaintiff and the defendant were separated after many years of marriage on August 8, 1978, at which time the plaintiff filed a petition for separation. The defendant managed the considerable community assets subsequent to that time and up until the judicial partition of the community assets. *895 The judgment of separation was rendered on March 24, 1980, thereby terminating the community retroactive to the date of the filing of the original petition. C.C. Art. 155. The judgment partitioning the assets of the former community was rendered on November 4, 1982 after a trial on the merits. The plaintiff now alleges that after accepting her part of the community assets, she discovered that certain properties were in a state of disrepair and taxes were left unpaid during the years that the defendant managed the property.
We do not believe that C.C. Art. 2369 has any application in this case, nor after much research into the legislative history of Act. 790 of 1979 have we been able to determine exactly in what situation C.C. Art. 2369 applies. Once the community of acquets and gains was terminated by, in this case, judgment of separation from bed and board, the defendant and plaintiff became co-owners in indivision of those assets formerly belonging to the community. Either party then had an absolute right to demand a partition of the property. C.C. Arts. 1289 and 1308. The action of partition is not subject to an exception of liberative prescription. See Rasbury v. Baudier, 370 So.2d 659 (La.App. 4th Cir.1979) and Nix v. Nix, 385 So.2d 503 (La.App. 1st Cir.1980). If C.C. Art. 2369 is to have any application to this case, it must be presumed that its authors intended for a spouse having control of community property at the termination of a community property regime to occupy the position of a co-owner under the general law of property. Thus, a spouse ought to be accountable for any loss or deterioration of the things under his or her control attributed to his or her fault and for the fruits produced by the things since the termination of the community property regime. LSA-C.C. 2369 Comment (c).
As a co-owner of the property, if the defendant undertook the task of managing the "affairs of others" (the one-half interest in the properties belonging to the plaintiff as co-owner) when he managed the properties from the time of separation until the partition with the tacit approval of the plaintiff, the defendant would owe a fiduciary obligation to the plaintiff based upon the principle of negotiorum gestio. LSA-C.C. 2295. The duty owed by a negotiorum gestor is that a prudent administrator. LSA-C.C. 2298. Any serious deterioration of the properties under his management, absent a sufficient explanation of the causation thereof, indicates a breach of that fiduciary duty. Thus, the defendant would have to account to and compensate the plaintiff for losses or damages incurred due to his mismanagement or negligence. Beavers v. Stephens, 341 So.2d 1278 (La. App. 3rd Cir.1977); Smith v. Succession of Smith, 298 So.2d 146 (La.App. 1st Cir. 1974).
A suit for breach of fiduciary duty is a personal action subject to liberative prescription of ten years. LSA-C.C. 3499. Therefore, plaintiff has brought her suit well within the ten year prescriptive period. The exception of prescription should have been denied by the trial court.
The next question is then whether the relief prayed for by the plaintiff is an issue that was dealt with in the judicial partition conducted in accordance with La.R.S. 9:2801. We think not.
The exception of res judicata is applicable only when there is (1) an identity of the parties, (2) an identity of the cause of action, and (3) an identity of the thing demanded. LSA-C.C. 2286. Slocum v. Daigre, 424 So.2d 1074 (La.App. 3rd Cir. 1982); Barnette v. Develle, 289 So.2d 129 (La.1974); Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sewell v. Argonaut Southwest Insurance Co., 362 So.2d 758 (La.1978).
It can be argued that there is an identity of the thing demanded in that in the prior case the property was valued and then partitioned and now plaintiff seems to want to have the value changed. Judgment was rendered whereby the property was divided between the plaintiff and the defendant with certain values put on the *896 property which plaintiff accepted. However, the cause was not the same in the prior suit as in the present suit. In the present case, the plaintiff is contending that the negligence or mismanagement of the properties from the time of separation until the partition by the defendant caused the loss. There was no such issue presented in the first case.
We find after careful review of the record there is an identity of parties but there is no identity of cause or of the thing demanded. Therefore, the exception of res judicata should have been overruled.
Accordingly, for the foregoing reasons, the judgment on the exceptions of prescription and res judicata is reversed and the case remanded for a trial on the merits. Costs are to be borne by defendant/appellee.
REVERSED AND REMANDED.
REDMANN, C.J., concurs.
REDMANN, Chief Judge, concurring.
I subscribe to the majority's view that plaintiff's claim is neither prescribed nor a thing adjudged. I would add that the petition fails to state a cause of action, but leave to amend should be granted.
Plaintiff alleges (or suggests) in her petition three kinds of damage she has suffered relative to the immovables she received in the partition of the former community. First, she alleges that she is obliged to spend money to repair physical deterioration of the properties resulting from defendant's failure to maintain them. Second, she suggests (without expressly alleging) that she has been obliged to spend money to pay unpaid ad valorem taxes that defendant should have paid. Third, she suggests that she is obliged upon the termination of leases to refund to her tenants in the properties damage deposits that defendant collected but "refused to turn over ... and in fact informed plaintiff that he has used ... for ... taxes, repairs and similar items."
Plaintiff's claims thus all relate to, and arise out of the partition of, the formerly co-owned property.
A full accounting at the time of the partition should have noted unpaid real estate taxes and liability for damage deposits, and would have made some provision regarding them as debts in common. If the partition neglected to treat these items, it may be that plaintiff has a cause of action against defendant for contribution of half of, or for supplemental partition of, the unpartitioned debts in common. (See C.C. 2103, 2161, 1384, 1394, etc.) But plaintiff's petition does not, in its present form, state such a cause of action because it does not allege that the accounting did not account for those items.
The other element plaintiff claimsdeterioration by defendant's failure to maintain and repairis also inadequately alleged. The petition does allege that the defendant "insisted that he manage" properties; but I deem that insufficient to allege that the defendant was the only one of the two co-owners who had any right or obligation to maintain the propertya duty to the plaintiff to attend to the physical repair and maintenance of their common property. And the petition alleges deterioration because of mere failure by the ex-husband to repair and maintain, rather than because of deliberate or negligent damage by him. That states no claim because failure to spend rent money on maintenance and repairs means more money divided between the former co-owners in the partition. In the absence of allegation of special consequential damage, the value of the property not properly maintained is equal to the value of the property not properly maintained plus the cost of proper maintenance. The petition thus does not allege facts from which one could conclude that defendant's failure to maintain caused destruction of a value greater than the saving in unspent maintenance costs.
I therefore concur in overruling the exceptions of prescription and res judicata, but would supply and maintain an exception *897 of no cause of action with leave to amend.