' BOUTALL, Judge.
This case arises from a dispute over a divorced wife’s right to a portion of her ex-husband’s military retirement pay. From judgment in favor of the wife, the husband has appealed.
The couple was married in 1963 and had four children. The husband sued for divorce in the Twenty-Fourth Judicial District court on December 3, 1979 and on March 24, 1980, judgment of divorce was rendered in favor of the wife, who was awarded alimony and child support. Mr. Savoie retired from military service on July 31, 1980. On January 12, 1984 Mrs. Savoie filed a petition in which she alleged that there had been no formal partition of community property and sought to be “recognized as owner and payee of one half of the military pension in whatever amount being received by defendant, effective with the *231 month of July, 1980 and henceforward, the entitlement for which accrued during the marriage and that the military retirement pay forms a part of the community in view of the passage by Congress of the Uniform Services Former Spouses Protection Act, 10 U.S.C. Sec. 901, et seq.” [1] The defendant raised exceptions of improper venue and prescription. The trial judge heard both exceptions, a motion to decrease child support, and the merits of Mrs. Savoie’s petition and rendered three judgments, all signed on March 12, 1984. In the first, he decreased child support and discontinued alimony to Mrs. Savoie as of April 1, 1984 but awarded her an arrearage of $150 plus attorney’s fees. In the second, he overruled the exceptions. In the third, he decreed that Mrs. Savoie was to be recognized as the owner/payee of 17/44 of Mr. Savoie’s military retirement pay, effective August 1, 1980, and that Mr. Savoie was liable to her for $275 per month from that date until the Navy began deducting and sending her share of the monthly checks. The decree stipulated that there had been no previous division of marital property. The husband has appealed the second and third judgments.
The issues raised are: whether the exception of improper venue should have been overruled; whether or not Pub.L. 97-252 is retroactive to the date of dissolution of the community; and whether the military pension was correctly classified as community property. We find that the trial court was in error in overruling the exception of venue and pretermit consideration of any issue other than venue, which is here synonymous with personal jurisdiction.
The appellant argues that the proceeding is not a community property partition but a suit for a money judgment, an out-of-court settlement of the community having taken place at the time of the divorce decree. He urges that the suit should have been filed in St. Martin Parish where he is domiciled, as per La.C.C.P. art. 42(1). The appellee’s position is that her action to partition the community was correctly brought in the Parish of Jefferson, where the judgment dissolving the community was rendered, under the provisions of La.C.C.P. art. 82. We find that the issue is one of personal jurisdiction rather than venue, because military pensions are federally regulated. Accordingly, the suit must be brought in a court of competent jurisdiction as specified by the statute.[2] In this case, there being no consent to jurisdiction, the suit must be brought in the parish where Mr. Savoie resides, in accordance with 10 U.S.C. § 1408(c)(4).
Public Law 97-252 was enacted in 1982, effective September 8,1982. The pertinent sections are found in 10 U.S.C. § 1408(c) et seq, as follows:
“(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
“(2) Notwithstanding any other provision of law, this section does not create any right, title, or interest which can be sold, assigned, transferred, or otherwise disposed of (including by inheritance) by a spouse or former spouse.
“(3) This section does not authorize any court to order a member to apply for retirement or retire at a particular time *232 in order to effectuate any payment under this section.
“(4) A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.”
By way of background we refer to McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), rendered on June 26, 1981. In that case the court considered the question of “whether, upon the dissolution of a marriage, federal law precludes a state court from dividing military nondisability retired pay pursuant to state community property laws.” McCarty v. McCarty, supra, 101 S.Ct. at 2730. The Court held that federal law does so prevail and retired pay is the personal entitlement of the military retiree alone, as it had been from the inception of the retirement system. See McCarty v. McCarty, supra, 101 S.Ct., 2736-38. The Court explained that under the Constitution, Article I, Section 8, Congress has the authority to regulate the armed forces. It enacted the military retirement system in order to provide for retired service members and meet the personnel management needs of the active forces. This congressionally enacted scheme preempts state law and precludes state courts from dividing military pensions pursuant to state law. The court held in particular that community property division of retirement pay might thwart Congress’s objectives. After so deciding, however, it said that Congress might choose to change its position on retired pay as personal entitlement as it had done earlier in the Civil Service and Foreign Service systems. The Court stated, 101 S.Ct. at 2743:
"... Congress may well decide, as it has in the Civil Service and Foreign Service contexts, that more protection should be afforded a former spouse of a retired service member. This decision, however, is for Congress alone. We very recently have re-emphasized that in no area has the Court accorded Congress greater deference than in the conduct and control of military affairs. See Rostker v. Goldberg, 453 U.S., [57] at 64-65, 101 S.Ct., [2646] at 2651 [69 L.Ed.2d 478 (1981)]....”
Congress responded by enacting the Uniform Services Former Spouses Protection Act. Congress did not overrule the basic principle of McCarty, i.e. congressional supremacy, its authority to regulate matters involving the armed forces. Instead, by passing Pub.L. 97-252, it permitted the states to apply their own property laws in dividing retired pay under limitations, and set out specifically the limitations under which a competent court will order retirement payments to an ex-spouse. These limitations specify, among other things, which state courts have jurisdiction over the retiree, the requirements of the court order under which payment will be made, and the time applicable thereto.
Returning to the case at hand, we find that the Twenty-Fourth Judicial District Court does not have jurisdiction over Mr. Savoie under 10 U.S.C. § 1408(c)(4). Mr. Savoie is not a resident of that district, nor is he domiciled there, nor has he submitted to the jurisdiction of the district. A similar conclusion was reached in Gowins v. Gowins, 457 So.2d 685 (La.App. 3rd Cir.1984), writ granted 460 So.2d 594 (La.1984), in which the military retiree was a resident of Alabama. Because there is no jurisdiction as granted by Congress to adjudicate issues on the merits, we pretermit any comments on the merits except to note that Congress has also set certain time limitations to be applicable.
Accordingly, for the reasons stated above, we reverse and set aside the judgment of the trial court overruling the exception of venue. As the matter is one of jurisdiction rather than simply a change of venue, we dismiss without prejudice the divorced wife’s demand for adjudication of her community share of her ex-husband’s retired military payments.
REVERSED AND SET ASIDE.

. Correct citation is Pub.L. 97-252, Title X, 1002(b), Sept. 8, 1982, 96 Stat. 735.

. The applicable section of 10 U.S.C. § 1408 reads as follows:
"(a) In this section:
(1) "Court” means—
(A)any court of competent jurisdiction of any State, the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the Virgin Islands, the Northern Mariana Islands, and the Trust Territory of the Pacific Islands;
(B) any court of the United States (as defined in section 451 of title 28) having competent jurisdiction; and
(C) any court of competent jurisdiction of a foreign country with which the United States has an agreement requiring the United States to honor any court order of such country.”