482 So.2d 23 (1986)
Kenneth J. SAVOIE
v.
Rose Rita Patton SAVOIE.
No. 84-CA-398.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 1986.
*24 Gary J. Ortego, Ville Platte, for Kenneth J. Savoie, plaintiff-appellant.
Roger I. Dallam, Greenberg & Dallam, Gretna, for Rose Rita Patton Savoie, defendant-appellee.
Before BOUTALL, KLIEBERT and CURRAULT, JJ.

ON REMAND
BOUTALL, Judge.
This case involves a dispute over a divorced wife's community share of her former husband's military retirement pay and has been remanded to this court for further proceedings by the Supreme Court.
In Savoie v. Savoie, 471 So.2d 230 (La. App. 5th Cir.1985), writ granted with order 476 So.2d 339 (La.1985), we held that the 24th Judicial District Court lacked jurisdiction over Mr. Savoie to adjudicate the issues and reversed and vacated its judgment overruling an exception of improper venue. We declined to rule upon the merits of the appeal of a second judgment rendered the same day, in which the wife's share of the retirement pay was recognized, effective on the date the husband began receiving payments. The Supreme Court held that the Court of Appeal has jurisdiction,[1] vacated our judgment, and ordered that we hear the appeal on its merits.
Rita Patton Savoie and Kenneth J. Savoie were married in 1963 and had four children. The couple was divorced on March 24, 1980 and the wife was awarded alimony and child support. They divided the community assets out of court, there being no immovable property. Mr. Savoie retired from service on July 31, 1980. On January 12, 1984 Mrs. Savoie filed a petition, seeking to be recognized as owner of half Mr. Savoie's retired pay as of the date he retired, in accordance with the Uniformed Services Former Spouses' Protection Act.[2] On March 12, 1984, the trial judge heard and rendered judgment on exceptions of improper venue and prescription, a motion to decrease child support, and the merits of Mrs. Savoie's claim. He rendered three separate judgments in which he overruled the exceptions, recognized Mrs. Savoie as owner/payee of 17/44 of the retirement pay, effective August, 1980, and discontinued alimony to Mrs. Savoie as of April 1, 1984. Mr. Savoie's appeal of the recognition of Mrs. Savoie's community interest in his retirement pay is the only issue presently before this court.
It is well settled that prior to June 26, 1981, in Louisiana military retirement pay was classified as community property when it was acquired during the existence of the community. Swope v. Mitchell, 324 So.2d 461 (La.App. 3rd Cir.1975); Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir.1977), writ refused, 347 So.2d 250 (La.1977). On June 26, 1981, the judgment in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) was rendered, holding that retired military pay was the personal entitlement of the military retiree alone, as it had been from the inception of the retirement system. In the following year, Congress enacted the Uniformed Services Former Spouses' Protection Act ("Public Law *25 97-252"), effective February 1, 1983. The applicable provisions appear in 10 U.S.C. Section 1408, which reads as follows, in pertinent part:
"(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."
The statute's effect was to allow the states to apply state law and render judgments that were consistent with prior decisions. Accordingly, in Louisiana military retirement pay again became an asset of the community.
The appellant first argues that the military retirement benefits should not be classified as community property but as a reimbursement to the wife. He asserts that there had been a partition-in-kind of the community and the wife's claim was only for an accounting or money judgment. This argument fails because, as the parties stipulated, there was never an instrument or judgment liquidating the community. See Lynch v. Lawrence, 293 So.2d 598 (La. App. 4th Cir.1974), writ refused 295 So.2d 809 (La.1974).
The appellant also argues that a statute, i.e. Public Law 97-252, may not be applied retrospectively to impair vested rights, i.e. his separate ownership of his retirement pay, and that the law is substantive in effect. Substantive laws are generally prospective only, while procedural or remedial laws are retroactive unless such application is contrary to legislative intent or would divest citizens of vested rights. Ewing v. State Farm Mut. Auto. Ins. Co., 402 So.2d 779 (La.App. 3rd Cir.1981). However, pension laws are generally considered remedial and therefore may be applied retrospectively. Maillet v. Board of Trustees, Teachers' Retire. Sys., 248 La. 964, 183 So.2d 321 (1966). The appellant apparently bases his argument on the mistaken assumption that at the time of his divorce military retirement was deemed separate property, when in fact it was classified as community. Accordingly, his position has no merit. Furthermore, the jurisprudence has held that Public Law 97-252 may be applied retrospectively. Simmons v. Simmons, 453 So.2d 631 (La.App. 3rd Cir.1984); Stevens v. Stevens, 476 So.2d 883 (La.App. 2nd Cir.1985), writ denied 478 So.2d 908 (La.1985).
Mrs. Savoie clearly is entitled to her community share of the retirement pay. At issue is the correct date for the beginning of her entitlement. The court held that she was the owner/payee as of August 1, 1980, the day Mr. Savoie's retirement began. We believe that under the plain wording of the statute Mrs. Savoie's period of entitlement began on June 26, 1981. A transition provision in Public Law 97-252, Section 1006(b), refers to 10 U.S.C. 1408(d)(1), which provides for payment by the Secretary concerned after service of a court order, which as defined in 10 U.S.C. 1408(a)(2) must provide specifically for payment to the former spouse. Section 1006(b) of the act states that:
"... in the case of a court order that became final before June 26, 1981, payments under such subsection [(d)(1)] may only be made in accordance with such order as in effect on such date and without regard to any subsequent modifications."
As there was no prior adjudication of the retirement pay and hence no court order for payment of retirement benefits to Mrs. Savoie before June 26, 1981, her benefits do not arise under nor are they controlled as to date by those provisions. Instead, the controlling date is that specified in subsection (c)(1) of section 1408 which states that, "... a court may treat disposable retired ... pay payable to a member for pay periods beginning after June 25, 1981,... as property of the member and his spouse (emphasis ours)." Under our factual situation, the statute clearly allows for retrospective application of the provision to June 26, 1981, but not before.
Accordingly, we amend the judgment appealed from to recognize Rose Rita Patton *26 Savoie as owner/payee of 17/44 of the military retirement pay of Kenneth J. Savoie, effective beginning June 26, 1981. In all other respects the judgment is affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Its holding was based on the prior decision of Gowins v. Gowins, 466 So.2d 32 (La.1985).
[2] Pub.L. 97-252, Title X, § 1002(b), Sept. 8, 1982, 96 Stat. 735.