YELYERTON, Judge.
The sole issue raised by this appeal is whether the trial court erred in determining that a 1981 Toyota was the separate property of the husband, thereby refusing to consider the vehicle as a former asset of the community. The issue arises from the following circumstances.
Charlotte Chambers filed a petition for separation on November 3, 1981, and a judgment of separation was thereafter rendered on December 2, 1983. On May 3, 1984, Charlotte donated by authentic act all of her rights and interests in the Toyota to her husband. On June 5, 1984, she filed a petition for divorce and also sought a partition of property formerly belonging to the community. The detailed descriptive list included the Toyota as community property. On November 26, 1984, a judgment of divorce was granted. Subsequently the parties entered into a voluntary partition of the community property and agreed to submit the question of whether Mrs. Chambers was entitled to any reimbursement to the trial court. In finding Mrs. Chambers was not entitled to any reimbursement and in finding the Toyota the separate property of Mr. Chambers the trial court stated:
“The record indicates (defendant’s exhibit A) that on May 3, 1984, Ms. Chambers donated by authentic act all of her interest in a 1981 Toyota, a community asset, to Mr. Chambers. The character of this asset after the donation is governed by LSA Civil Code Art. 2343. It provides:
‘The donation by a spouse to the other spouse of his undivided interest in a thing forming part of the community transforms that interest into separate property of the donee. Unless otherwise provided in the act of donation, an equal interest of the donee is also transformed into separate property
[[Image here]]
Because of this, the Court finds that the Toyota, as of the date of the donation, became, in its entirety, the separate asset of Mr. Chambers. As such the Court will not consider it as an asset of the community held by Mr. Chambers.
“Considering the foregoing, and after further consideration of each party’s descriptive list and brief, the Court finds that no reimbursement is due the plaintiff. Although the record shows that some of the debts which Ms. Chambers paid were community debts, the plaintiff has failed to show by a preponderance of the evidence that when all calculations are made, she is due any reimbursement from her former husband. Therefore, it is ordered that the voluntary partition of the community is finalized and that there are no further sums owing between the parties.”
Appellant argues that the trial court erred in applying C.C. art. 2343 to a donation subsequent to the termination of the community of acquets and gains, and that the Toyota should have been found to be property formerly belonging to the community.
Under C.C. art. 2356 the “legal regime of community property terminates ... by ... separation from bed and board ...” Once the community of acquets and gains is terminated the former spouses become co-owners in indivisión of those assets formerly belonging to the community. Lococo v. Lococo, 462 So.2d 893 (La.App. 4th Cir.1984), writ denied 462 So.2d 889 (La.1985). Either party then has an absolute right to demand a partition of the property formerly belonging to the community. Id.
In the present case we agree with appellant that C.C. art. 2343 has application only to donations made prior to the termination *395 of the community. The statute clearly applies to property “forming part of the community.” In the present case the community of acquets and gains had been terminated by the judgment of separation, and the donation was of property formerly belonging to the community.
At the time of the judgment of separation the Toyota was community property. Therefore, the Toyota vehicle should have been included in the partition. The parties stipulated that its value was $5,000. At the termination of the community each spouse became an owner in indivisión of the vehicle. However, the trial judge found and we agree that after the termination of the community Mrs. Chambers donated her interest in the car to Mr. Chambers. The act of donation did not provide that Mrs. Chambers was to receive credit in the partition proceedings for this donation.
Since Mrs. Chambers had a one-half interest in the vehicle and disposed of it by act of donation, each party received an equal interest in the vehicle for partition purposes. Therefore, each spouse received property of equal net value in the partition, and the trial judge was correct in finding that plaintiff was not entitled to any reimbursement for the Toyota.
For these reasons the judgment is affirmed at appellant’s costs.
AFFIRMED.