520 So.2d 1236 (1988)
William Robert ANDERSON
v.
Brenda Clair Dozier ANDERSON.
No. 87-CA-492.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
Writ Denied April 4, 1988.
*1237 James S. Weidner, Jr., Gretna, for plaintiff-appellant.
Jacob Kansas, New Orleans, for defendant-appellee.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
Plaintiff, William Anderson, appeals the judgment of the trial court declaring his United States Navy retirement benefits community property and subject to division between himself and his former spouse, Brenda Anderson.
William Anderson and Brenda Anderson were married on June 12, 1963, and no community property contract was entered into; on January 10, 1974, a petition for separation was filed by William Anderson (plaintiff) and on February 5, 1974, the parties were legally separated. Subsequently, on March 12, 1975, the parties were divorced.
During the existence of their marriage, plaintiff was a member of the United States Navy and after 19 years and 6 months, he retired and started receiving his military retirement pension (his U.S. Navy retirement benefits were calculated on a credit of 20 years service). This retirement fund is the issue of our review.
On November 15, 1985, the former wife filed a Petition for Partition of Community Property and injunctive relief pending the partition of the retirement fund. The sole purpose was to obtain her interest in her ex-husband's military pension.
Plaintiff filed an exception of prescription contending that his former wife was prohibited from acquiring any interest in his military pension because she failed to institute an accounting of their community property within the prescribed years as mandated by our Civil Code. The defendant filed a motion for summary judgment arguing that she should be allowed, as a matter of law, to share as prescribed by law with her ex-husband the benefits received from his military pension.
After a hearing on both motions, the trial court denied the exception of prescription, however, granted the motion for summary judgment and declared the husband's military pension as community property to be divided in accordance with a formula established under our law.
From this decision Mr. Anderson has appealed and assigned the following errors for our review.
1.) The trial court erred in declaring William Anderson's United States Navy retirement community property and therefore divisible between himself and his previous wife.
2.) The trial court erred in granting Brenda Anderson a judgment in the amount of $12,413.10, plus twelve (12%) percent interest from date of judicial demand, *1238 because her rights to an accounting of community property had prescribed.
3.) The trial court erred in granting Brenda Anderson interest because the parties were owners in indivision.
4.) The trial court erred in granting benefits from June 6, 1981, when the date of retroactivity of the statute involved was June 26, 1981.
Prior to McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), Louisiana Courts have ruled that military pensions were classified as community property when such assets were acquired during the existence of the community. In Swope v. Mitchell, 324 So.2d 461 (La.App. 1975) the court interpreted military pensions as part of the property that falls into the community of acquets and gains LSA-C.C. art. 2402 (presently art. 2336). In Sims v. Sims, 358 So.2d 919 (La.1978) our Supreme Court established guidelines and computations for determining the respective parties interest in pension payments.
However, in 1981, the United States Supreme Court in McCarty, above, held military retirement benefits were not subject to state community property laws. Utilizing the supremacy clause, the court declared these pensions as separate property. The court in its opinion stated that it would be up to Congress to pass legislation which would subject Federal Military Pensions to state laws, including state laws relating to the partition of community property. In response to the McCarty decision, Congress enacted the "Federal Uniform Services Former Spouse Protection Act", giving States the authority to divide military pensions and authorize distributions. The provision of this act relevant to this dispute is codified at 10 U.S.C. § 1408(c)(1), which reads as follows:
"Subject to limitation of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."
The act became effective February 1, 1983, and as stated in the previously quoted paragraph, was retroactive to June 25, 1981. The congressional intent in enacting subsection (c)(1) is stated in a quote from a congressional report on this subject which was cited by the Louisiana Court of Appeals in the case of Simmons v. Simmons, 453 So.2d 631 (La.App. 3rd Cir.1984). The court quotes the following:
"The purpose of this provision is to place the courts in the same position they were in on June 26, 1981, the date of the McCarty decision, with respect to treatment of nondisability military retired or retainer pay. The provision is intended to remove the federal pre-emption found to exist by the United States Supreme Court and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisible ... this power is returned to the courts retroactive to June 26, 1981. This retroactive application will at least afford individuals who are divorced (or had decrees modified) during the interim period between June 26, 1981 and the effective date of this legislation the opportunity to return to the courts to take advantage of this provision. S.Rep. No. 502, 97th Cong., 2d Sess. 16 (1982), U.S.Code Cong & Admin.News 1982, 1555, 1611." Simmons at 633.
The court in Simmons went on to reaffirm the previously held contention that in Louisiana the military retirement pension is community property. The court further went on to award the petitioner community benefits retroactively to June 25, 1981 in compliance with the federal act. In the case of Moreau v. Moreau, 457 So.2d 1285 (La.App. 3rd Cir.1984) the court affirmed that military retirement benefits are community property under Louisiana's Community Property Statute.
The enactment of the Protection Act (10 U.S.C. § 1408) removed the federal preemption barrier created by McCarty and permitted State courts to return to their own law and make their own determinations *1239 according to State classifications, Simmons supra.
The legislative history of the Protection Act clearly sets out the tone of this legislation. "The primary purpose of the bill is to remove the effect of the United States Supreme Court decision in McCarthy. The bill would accomplish the objective by permitting (State) courts ... to once again consider military retired pay when fixing the property rights between the parties to a divorce." 1982 U.S.Code Cong. & Admin News, 1555, 1596.
We have not had difficulty understanding and applying the Protection Act as it overrules the McCarthy decision. In Savoie v. Savoie, 482 So.2d 23 (La.App. 5th Cir.1986), we applied the Protection Act retroactively, and awarded the former wife a community share of the former husband's military retirement benefits. See also Menard v. Menard, 460 So.2d 751 (La.App. 3rd Cir.1984); Schueler v. Schueler, 460 So.2d 1120 (La.App. 2nd Cir.1984); and Rose v. Rose, 483 So.2d 181 (La.App. 2nd Cir.1986). In other community property States such as California and Texas, the courts there have supported the proposition that the Protection Act overrules McCarthy. "Starting with the last paragraph of the McCarthy opinion itself, the judicial and legislative branches, state and federal, cooperated in a massive and largely successful drive to make McCarthy disappear-prospectively, presently and retroactively." Aloy v. Mash, 38 Cal.3d 413, 212 Cal.Rptr. 162, 167, 696 P.2d 656 (1985). See also Cameron v. Cameron, 641 S.W.2d 210, 213 (Tex.1982) (finding that the Protection Act retroactively overruled McCarthy).
We hold that plaintiff's military pension benefits are characterized as part of the community property regime and are to be divided between the former spouses. As stated in Simmons, above, "... the Act (Protection Act) strikes a reasonable balance between competing economic interest and the reasonable expectations of the parties concerned ... thus, no vested rights have been impaired."
We agree that current substantive law is applicable to this partition litigation. "A court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative direction to the contrary." Bradley v. School Board of City of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Furthermore, we find it rational to apply the Protection Act retroactively in order to remove the effect of McCarthy (1982 U.S.Code Congr. and Admin.News 1555, 1596) and return the power to the courts to divide military pensions according to Louisiana. Community property, equitable division or other principles of marital property determination and distribution is the stated purpose of this Act. Congress is given great deference in the conduct and control of military affairs, therefore we find no logical basis to subvert the will of Congress, consequently find the act necessarily has retroactive application. We have already addressed the issue of retroactivity in Savoie v. Savoie, supra where Chief Judge Boutall, writing for this court stated:
"The appellant apparently bases his argument on the mistaken assumption that at the time of his divorce military retirement was deemed separate property, when in fact it was classified as community. Accordingly his position has no merit. Furthermore the jurisprudence has held that Public Law 97-252 may be applied retrospectively. Simmons v. Simmons, 453 So.2d 631 (La.App. 3rd Cir.1984); Stevens v. Stevens, 476 So.2d 883 (La.App. 2nd Cir.1985) writ denied, 478 So.2d 908 (La.1985). Mrs. Savoie clearly is entitled to her community share of the retirement pay."
We find no compelling reason to ignore this opinion, nor any reason to reverse.
This action is one which seeks to partition property belonging to a community regime. Pursuant to Louisiana law, upon the dissolution of the community, the parties continue as owners in indivision of the property. Each spouse continued as owner, to the right to share the retirement benefits in the proportions established by our courts. Moreau v. Moreau, 457 So.2d *1240 1285 (La.App. 3rd Cir.1984). In Succession Of Tucker, 445 So.2d 510 (La.App. 3rd Cir. 1984) the court held that at the end of the marriage (dissolution of the community) each spouse continues to be the owner of one-half the value of the right to share in the retirement benefits insofar as attributable to the contributions paid into the fund as deferred compensation to the employee during the existence of the community.
In Rasbury v. Baudier, 370 So.2d 659 (La.App. 4th Cir.1979) held that community property becomes co-owned property at the end of the marriage. The court stated:
"If, on the contrary, the original partition did not include the disputed item, then neither ex-spouse has succeeded to the other ex-spouse's interest in the item. The item would therefore remain co-owned by the two ex-spouses, and an action by a co-owner for a partition is never prescribed. C.C. 1304." 370 So.2d at 660.
All of these cases, Tucker (District attorney's Retirement Fund); Moreau (military pension); and Rasbury (military pension), were partition actions to divide pensions that had not been partitioned at the end of the marriage. The courts in all cases held the action to partition such co-owned property of the former community does not prescribe. (LSA-C.C. arts. 1304 and 1308 relates to the imprescriptibility of an action where possession is common).
Finally, we hold the award of legal interest on Mrs. Anderson's calculated portion of the military retirement benefits is appropriate. LSA-C.C. art. 2000 and LSA-C.C.P. art. 1921.
For reasons given above, we find no reversible error with the decision of the trial court and accordingly, affirm its decision.
AFFIRMED.