WICKER, Judge.
This appeal arises from a judgment awarding the husband the use of the family home, and the wife $250.00 per month alimony pendente lite. The wife has appealed. We revise in part and as revised, affirm.
Grace Virginia Musmeci McArthur and James T. McArthur, Sr. entered two marriages. They were first married in 1953. In 1989 they were granted a divorce; however, the community property was not divided.
They were married a second time in 1990. On April 12, 1991 Mrs. McArthur filed a suit for divorce seeking alimony pendente lite. At the hearing conducted in October, 1991 the trial judge awarded her $250.00 per month alimony pendente lite and awarded Mr. McArthur the use and occupancy of the family home.
Mrs. McArthur specifies the following errors:
1. It was error to award the use and occupancy of the family home to Mr. McArthur;
2. It was error for the trial judge to fail to award alimony pendente lite retroactive to the date of the filing of the petition, and
3. The trial judge erred in only awarding $250.00 per month alimony pendente lite.
ALIMONY:
We conclude from our review of the record the trial judge did not abuse her discretion in determining the amount of alimony pendente lite. Pechenik v. Pechenik, 474 So.2d 961 (La.App. 5th Cir. 1985). Mrs. McArthur’s needs are approximately $1,252.00 per month while Mr. Mc-Arthur’s monthly costs are $1,300.00. His salary is $1,158.50.
Mrs. McArthur also contends it was error for the trial judge to fail in making the award retroactive to the date of filing, April 12, 1991. We agree.
La.R.S. 9:310 provides:
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
B. Any support of any kind provided by the judgment debtor from the date of the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
Upon examining the record we fail to find evidence in support of concluding there is good cause for failure to make the award retroactive as mandated by the statute. Broussard v. Broussard, 532 So.2d 281 (La.App. 3rd Cir.1988).
FAMILY RESIDENCE:
The family residence was part of the former community. Upon dissolution of the community these parties continued as owners in indivisión. Anderson v. Anderson, 520 So.2d 1236 (La.App. 5th Cir.1988), writ denied 521 So.2d 1187 (La.1988). La.R.S. 9:374 is dispositive. It provides:
A. When the family residence is the separate property of either spouse, after the filing of a petition for divorce or in conjunction therewith, the spouse who has physical custody or has been awarded temporary custody of the minor children of the marriage may petition for, and a court may award to that spouse, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or im-movables pending the termination of the marriage. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of *369 the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home and the use of community movables or immovables in awarding alimony or child support.
B. When the family residence is community property, after the filing of a petition for divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables to either of the spouses pending further order of the court. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home and the use of community movables or immov-ables in awarding alimony or child support.
The statute provides for the temporary use of the family residence “pending the termination of the marriage.” The award is made even with regard to separate property. It is awarded “in accordance with the best interest of the family.”
The Protection From Family Violence Act, La.R.S. 46:2121 et seq. also allows a co-owner to be awarded exclusive possession of a residence. La.R.S. 46:2135 A(3)(a). The legislature, evidently mindful of the public policy favoring the stability of the family and protection from abuse, drafted these exceptions to the general law dealing with co-owners, i.e. La.Civ.Code art. 802. Article 802 provides in part a co-owner “cannot prevent another co-owner from making use of [the thing held in indi-visión.]”
La.R.S. 9:374 makes a distinction between separate and community property. When the “family residence is the separate property of either spouse” it is only the spouse with physical or temporary custody “of the minor children of the marriage” who may petition the court. On the other hand, when the “family residence is community property ... either spouse may petition” the court.
Mrs. McArthur admitted at trial her granddaughter was Tony Tranchina, and that Tony’s grandfather, her husband, had custody. Mr. McArthur testified he and his wife were awarded legal custody in 1990 and that he actually has physical custody of this 15-year old child. The trial judge stated she took into account Mr. Mc-Arthur’s having physical custody of the granddaughter in awarding the use of the family home to Mr. McArthur.
La.Civ.Code art. 3506(8) includes grandchildren in the definition of “children.” Thus, La.R.S. 9:374 applies in this instance. The trial judge also correctly noted there was no testimony offered by Mrs. McAr-thur to dispute the award of the use of the family home. She was evidently aware there was no evidence to dispute it was not in the best interest of the family to make such an award.
Accordingly, for the reasons stated the judgment is revised to make the award of alimony pendente lite to Mrs. McArthur in the amount of $250.00 per month retroactive to the date of filing, April 12, 1991. The judgment is affirmed as revised.
REVISED IN PART AND AS REVISED, AFFIRMED.