GRISBAUM, Judge,
dissenting in part.
For the following reasons, I respectfully dissent from the majority opinion which affirms the trial court’s awarding of the use and occupancy of the family home:
The awarding of the possession and use of the family residence is governed by La. R.S. 9:374, which, in pertinent part, provides as follows:
*370 A. When the family residence is the separate property of either spouse, after the filing of a petition for divorce or in conjunction therewith, the spouse who has physical custody or has been awarded temporary custody of the minor children of the marriage may petition for, and a court may award to that spouse, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or im-movables pending the termination of the marriage. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home and the use of community movables or immovables in awarding alimony or child support.
B. When the family residence is community property, after the filing of a petition for divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables to either of the spouses pending further order of the court. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home and the use of community movables or immov-ables in awarding alimony or child support.
The record shows that the residence in dispute was part of the community of the first marriage of Mr. and Mrs. McArthur. On December 6, 1989, after obtaining a divorce, Mrs. McArthur petitioned for a community property settlement. Mr. Mc-Arthur answered this petition, also seeking a judgment partitioning their property. However, on March 16, 1990, before the property was partitioned, the couple was remarried.
The law is well-settled that, upon the dissolution of the community, the parties continue as owners in indivisión of the property, Anderson v. Anderson, 520 So.2d 1236 (La.App. 5th Cir.1988), writ denied, 521 So.2d 1187 (La.1988). That is, a judgment of divorce terminates the existence of the community of acquets and gains, and the effect of the judgment is to make the spouses co-owners in indivisión of the property. Spencer v. Spencer, 273 So.2d 605 (La.App. 4th Cir.1973). Furthermore, our jurisprudence has established beyond question that the right to the use and occupancy of a co-owned asset is co-equal in the respective owners.
Because the house in question is clearly owned in indivisión by Mr. and Mrs. McAr-thur, we must look to the new Civil Code articles on ownership in indivisión. Under La.C.C. art. 797, ownership in indivisión is defined as the “[ojwnership of the same thing by two or more persons” whose shares are presumed to be equal. Importantly, La.C.C. art. 802 provides that “a co-owner is entitled to use the thing held in indivisión according to its destination, but he cannot prevent another co-owner from making use of it.” (Emphasis added.) Because the statute clearly states that a co-owner may not prevent another co-owner from using the property held in indivisión, it follows that a court may not order that one co-owner have the use of the property to the exclusion of the other. Therefore, the court erred in awarding Mr. McArthur the use and occupancy of the home.
In all other respects, I concur with the majority.