CHUTZ, J.
Plaintiff-appellant, Connie S. LeBlanc, appeals the trial court's judgment sustaining a peremptory exception raising the objection of prescription and dismissing her claims for partition of an asset she maintains was not addressed in the extrajudicial partition of community property into which she entered with her ex-husband, defendant-appellee, Michael McKinley Elam, shortly after their divorce in 2012. We reverse the trial court's judgment and deny the relief Mr. Elam requested in his answer.
FACTUAL AND PROCEDURAL BACKGROUND
The following is undisputed. The parties married on January 3, 1981 and divorced on March 5, 2012. On March 30, 2012, the parties entered into an extrajudicial partition of their community property. According to the salient terms, the parties declared "that they desire to fully and finally settle and liquidate the community which formerly existed between them." They *937 agreed to transfer all of Ms. LeBlanc's rights, title, and interest in and to "[a]ll movables currently in the possession of" Mr. Elam. They concomitantly agreed to a transfer to Ms. LeBlanc of all Mr. Elam's rights, title, and interest in and to a house and land, all the movables currently in Ms. LeBlanc's possession, and certain specified deposits held by third parties. In addition to dividing the community assets, the parties also settled the community debts, with Mr. Elam assuming certain loans and accounts and Ms. LeBlanc assuming others, including the mortgage on the house. Lastly, the parties agreed that the agreement formed "a complete and final settlement of the community."
On December 20, 2017, Ms. LeBlanc filed a petition seeking a partition of retirement benefits owed to Mr. Elam as a result of his employment during the time of the marriage. In response, Mr. Elam filed a peremptory exception raising the objection of prescription, averring that to the extent Ms. LeBlanc's petition sought either an accounting or a rescission of the voluntary community property partition settlement, her claims were prescribed.[1]
A hearing was held on January 22, 2018, at which documentary and testimonial evidence was adduced. At the conclusion, the trial court sustained Mr. Elam's exception of prescription. A judgment in conformity with the trial court's ruling was signed on February 7, 2018, dismissing Ms. LeBlanc's claims. Ms. LeBlanc appeals.[2]
DISCUSSION
The burden of proof is generally on the party pleading prescription. Tramontin v. Tramontin , 2004-2286 (La. App. 1st Cir. 12/22/05), 928 So.2d 29, 32, writ denied, 2006-0155 (La. 5/26/06), 930 So.2d 20. Evidence may be introduced to support or controvert the peremptory exception raising the objection of prescription pursuant to La. C.C.P. art. 931 when the grounds for the exception do not appear on the face of the petition. Id.
Mr. Elam filed his exception of prescription without answering the petition. He suggests in his appellate brief and, at trial, offered evidence to support a theory that the retirement benefits he earned while employed during the marriage were within the scope of the extrajudicial partition agreement the parties entered into on March 30, 2012. As such, he urges that Ms. LeBlanc's petition is actually one for rescission of the partition.
A careful reading of Ms. LeBlanc's petition reveals no request by her for an accounting from Mr. Elam of the retirement benefits he earned from his employment. And Ms. LeBlanc's petition has not alleged any cause, such as lesion, for rescission of the original partition. See La. C.C. art. 2369.1 ("[a]fter termination of *938 the community property regime, the provisions governing co-ownership apply to former community property") and La. C.C. art. 814 (providing for rescission if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he should have received); see e.g., McCarroll v. McCarroll , 96-2700 (La. 10/21/97), 701 So.2d 1280, 1284-85 (applying Article 814 to find that an extrajudicial partition of community property was lesionary). Rather, Ms. LeBlanc alleged only that the retirement benefits Mr. Elam earned during the marriage had been omitted from their March 30, 2012 extrajudicial partition. Such a petition for partition alleging the omission of an item in an earlier partition may be mistaken, and may fail for lack of proof, but it is an action for partition and as such is never subject to an exception of liberative prescription. See La. C.C. art. 817 (setting forth that the action for partition between co-owners is imprescriptible); see also Rasbury v. Baudier , 370 So.2d 659, 659-60 (La. App. 4th Cir. 1979) (question of whether ex-husband's military pension was included in original partition of community property was not raised by exception of prescription).
If the act of partition included the disputed item either by express description or by some general clause, then the petition for partition should fail on the merits because plaintiff is not a co-owner of the property sought to be partitioned because she has no claim, not because her claim is prescribed. If, on the contrary, the original partition did not include the disputed item, then neither party has succeeded to the other's interest in the item. The item would therefore remain co-owned by the two ex-spouses, and an action by a co-owner for a partition is never prescribed. Id. , 370 So.2d at 660. Thus, regardless of whether the retirement benefits Mr. Elam earned during the marriage were included in the March 30, 2012, extrajudicial partition, the trial court incorrectly sustained the exception of prescription.
We note that the trial court clearly ruled on the merits of Ms. LeBlanc's claim for partition of the retirement benefits Mr. Elam earned during the marriage stating, "I was ready to overrule the exception of prescription until Ms. LeBlanc testified and ... indicated that the retirement ... [was] part of this community property partition agreement."[3] But the merits of Ms. LeBlanc's entitlement to the partition were not before the trial court. Thus, while it is true that Ms. LeBlanc's testimony revealed that Mr. Elam's right to the retirement benefits was part of the negotiation process resulting in the extrajudicial partition executed between the parties on March 30, 2012, the trial court was not at liberty to decide the merits of her entitlement to relief where the notice issued to *939 the parties was for a hearing on the exception of prescription. See La. C.C.P. art. 1571A (stating that the district courts shall prescribe the procedure for assigning cases for trial by rules which shall, among other things, require adequate notice of trial to all parties);[4] see also Hill v. Lopez , 2005-0182 (La. App. 1st Cir. 2/22/06), 929 So.2d 80, 82 n.2 (noting that "adequate notice" under La. C.C.P. art. 1571 requires a description of the nature or purpose of the proceeding).
Mr. Elam answered the appeal, seeking damages for frivolous appeal. See La. C.C.P. art. 2164. Inasmuch as Ms. LeBlanc has been successful, her appeal cannot be considered frivolous. Therefore, we deny the relief Mr. Elam requested.
DECREE
For these reasons, we reverse the trial court's judgment sustaining the exception raising the objection of prescription and dismissing Ms. LeBlanc's petition for partition of the retirement benefits earned by Mr. Elam during the marriage. Appeal costs are assessed one-half against the plaintiff-appellant, Connie S. LeBlanc, and one-half against the defendant-appellee, Michael McKinley Elam.
REVERSED; ANSWER TO APPEAL DENIED.
Welch, Jr. concurs without reasons
Pettigrow, J. concurs

A spouse owes an accounting to the other spouse for community property under his control at the termination of the community property regime, but the obligation to account prescribes in three years from the date of termination of the community property regime. See La. C.C. art. 2369. And an action for the rescission of a partition is subject to a liberative prescription of five years. See La. C.C. art. 3497.

In her petition, Ms. LeBlanc also requested injunctive relief forbidding the alienating, encumbering, or paying out to Mr. Elam of any retirement interest with the Louisiana Department of Safety and Corrections and the Louisiana State Employees' Retirement System. Although Ms. LeBlanc's entitlement to injunctive relief was also before the trial court at the January 22, 2018 hearing, the trial court apparently found the issue moot in light of its determination that her claims had prescribed. Ms. LeBlanc has made no complaints regarding her entitlement to injunctive relief in this appeal.

Ms. LeBlanc testified that Mr. Elam was unrepresented at the time of the extrajudicial partition, it was her attorney who drafted the agreement, and she had entered into an agreement with Mr. Elam that "if he would continue to pay the life insurance policy ... [she] would sign over all rights to his retirement." We recognize that in ruling on the merits of the partition, the trial court implicitly applied this testimony by Ms. LeBlanc to find that during the negotiation process, the parties were aware of Ms. LeBlanc's interest in the retirement benefits, and they intended the provisions of the extrajudicial partition by which the parties agreed to a transfer of all Ms. LeBlanc's rights, title, and interest in and to "[a]ll movables currently in the possession of" Mr. Elam to include Ms. LeBlanc's interest in the retirement benefits. Thus, given this reasonable factual basis, the trial court's conclusion was not manifestly erroneous, and aside from the defendant's use of the improper procedural vehicle of an exception of prescription, there is no merit in Ms. LeBlanc's claim for partition.

See also La. Dist. Ct. Rules Rule 9.14 and Appendix 9.14 (showing that the Twentieth Judicial District Court has no rules determining the method of setting a date for trial of a matter).